CHARLES H. TORREY vs. BOSTON AND ALBANY RAILROAD
COMPANY.

Hampden.    September 25, 1888. — October 17, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — Railroad — Passenger on Platform.*

In an action by a passenger against a railroad company, to recover for personal injuries, an instruction to the jury that, if the plaintiff, knowing that the train was about to start, was unnecessarily or improperly on the platform of a car, and was thrown off and injured by the starting of the engine with no unusual or unnecessary jerk, he could not recover, is sufficiently favorable to the plaintiff.

TORT for personal injuries sustained by the plaintiff, a passenger on the defendant's cars. Trial before *Brigham*, C. J., who allowed a bill of exceptions, which, so far as material, was as follows.

The plaintiff testified, that on March 27, 1887, at about a quarter past ten in the evening, he came to the Boston and Albany Railroad station in Westfield, to accompany, for a portion of her journey, a relative, who was to leave for her home in Ohio on a train due to arrive from the East at about that hour. He bought a ticket, boarded the train, and took a seat. Afterwards, and before the train started, he stepped to the platform of the car to see if there was any one on the platform by whom he could send word to his family that he would not reach home until late. He looked in either direction and saw no one, and, as he was still looking, the train started with a jerk. He reached out his hand to save himself, and caught hold of the gate at the side of the platform, which, being open, swung to as he grasped it, and he was thrown off the platform and under the car, receiving the injuries alleged.

At the end of the charge to the jury, the plaintiff alleged an exception to the entire charge. The jury then retired, and, after deliberation, returned into court and asked to be instructed as to the liability of the defendant provided the plaintiff was on the platform when the train was about to start. The judge thereupon further instructed the jury in substance as follows. If the

plaintiff was necessarily and properly upon the platform, the fact that he was there would not prevent his recovering; but if he was not necessarily and properly there, then the fact that the starting of the engine caused him to fall would not render the defendant liable, unless the jerk of the engine was unusual, extraordinary, and unnecessary. If the plaintiff was not necessarily and properly upon the platform, knowing that the train was about to start, and the train started in no extraordinary way, he cannot recover. A man is not in the exercise of good care if he is in such a place, unless he is driven by some necessity, or has an occasion there which is to some extent compulsory.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*H. W. Ely,* for the plaintiff.

*Samuel Hoar,* ( *G. M. Stearns* with him,) for the defendant.

W. ALLEN, J. The only exception properly taken, and the only one which has been argued, is to the instructions given in reference to the plaintiff's testimony that he was thrown down by the starting of the train when he was upon the platform of the car. The instruction was, in substance, that if he was unnecessarily or improperly there, knowing that the train was about to start, and was thrown down by the starting of the engine, with no unusual or unnecessary jerk, he could not recover. The instruction was sufficiently favorable to the plaintiff. *Hickey* v. *Boston & Lowell Railroad,* 14 Allen, 429. *Gavett* v. *Manchester & Lawrence Railroad,* 16 Gray, 501. *Todd* v. *Old Colony & Fall River Railroad,* 3 Allen, 18, and 7 Allen, 207. *Lucas* v. *New Bedford & Taunton Railroad,* 6 Gray, 64. *Gahagan* v. *Boston & Lowell Railroad,* 1 Allen, 187. *Mayo* v. *Boston & Maine Railroad,* 104 Mass. 137. *Bates* v. *Old Colony Railroad,* 147 Mass. 255.

It is argued that the plaintiff left his seat in the car and went upon the platform when the car was at rest; but this is immaterial, if, knowing that the train was about to start, he was voluntarily and of his own choice there when the car was in motion. The plaintiff's testimony showed that he voluntarily and for his own convenience took an exposed position, not intended for passengers, and he cannot hold the defendant liable for injuries to

which his act contributed. The court might have instructed the jury that the reason given by the plaintiff for going to and remaining upon the platform was not sufficient to show the necessity or propriety of the act, and no harm was done to the plaintiff by leaving that question to the jury under the instructions given.                        *Exceptions overruled.*