MAURICE COLEMAN, Respondent, v. THE SECOND AVENUE RAILROAD COMPANY, Appellant.

Plaintiff, a passenger in an open car on defendant's street railroad in the city of New York, while the car was in motion, left his seat and stepped out upon the side step, and was proceeding to go forward to another seat when he came in contact with one of the columns supporting an elevated railroad, under which defendant's road was operated, and was injured. In an action to recover damages the testimony was conflicting as to whether the seat plaintiff left was so crowded as to render it uncomfortable for him to remain. Defendant asked the court to charge the jury that, if they believe plaintiff left his seat unnecessarily and voluntarily, and while the car was in motion, without requesting the driver or conductor to stop the same, and when upon the step of the car he swung himself outside the line of the step of the car and, while so doing, came in contact with the column, defendant was entitled to a verdict. The court refused so to charge. *Held*, error; that if. without reasonable cause, plaintiff placed himself outside of the car when in motion, he assumed the hazards of so doing.

*Coleman* v. *S. A. R. R. Co.* (41 Hun, 380) reversed.

(Argued June 7, 1889; decided June 28, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 23, 1886, which affirmed a judgment in favor of plaintiff, entered on a verdict.

This action was brought to recover damages alleged to have been caused by defendant's negligence.

The material facts are stated in the opinion.

*Austen G. Fox* for appellant. Plaintiff, in doing what he did, in changing his seat, was guilty of negligence as matter of law. (*Holbrook* v. *U. & B. R. R. R. Co.*, 12 N. Y. 236; *Todd* v. *Old Colony R. R. Co.*, 3 Allen, 18; 7 id. 207; *Torrey* v. *B. & A. R. R. Co.*, 147 Mass. 412; *Pittsburgh, etc., R. R. Co.* v. *McClurg*, 56 Penn. St. 294; *Pittsburgh, etc., R. R. Co.* v. *Andrews*, 39 Md. 329; *Dun* v. *S., etc., R. R. Co.*, 78 Va. 645; *I., etc., R. R. Co.* v. *Rutherford*, 29 Ind. 82; Beach on Contributory Neg. § 56; *Hickey* v. *B. & L. R. R. Co.*, 14 Allen, 429, 433; *Adams* v. *L. R. Co.*, L. R., 4 C. P. 739.)

*A. J. Skinner* for respondent. Defendant was clearly guilty of negligence in allowing plaintiff to be crowded from his seat by improper arrangements for the seating of passengers, and in not providing the plaintiff, a passenger, when crowded from his seat, with a safe egress therefrom, to a part of the car where he could find such accommodation. (*Campbell* v. *N. Y. C. & H. R. R. R. Co.*, 21 N. Y. Week. Dig. 245.) Plaintiff, being a passenger, had a right to assume that the defendant was operating its road, as it was bound to do, with due regard for the safety of passengers, and that the step which the plaintiff was using when injured was a safe and proper appliance, and was there to be used for the purpose testified to. (*Brassel* v. *N. Y. C. & H. R. R. R. Co.*, 84 N. Y. 241; *Murphy* v. *N. Y. C. & H. R. R. R. Co.*, 13 N. Y. Week. Dig. 213; *Terry* v. *Jewett*, 78 N. Y. 339; *Hulbert* v. *N. Y. C. R. R. Co.*, 40 id. 145; *Ginna* v. *Second Ave. R. R. Co.*, 67 id. 596; *Spooner* v. *B. C. R. R. Co.*, 54 id. 230.) Whether the plaintiff was guilty of contributory negligence was a question of fact. (*Massoth* v. *D. & H. C. Co.*, 64 N. Y. 524; *Hurlbert* v. *N. Y. C. R. R. Co.*, 40 id. 145; *Ernst* v. *H. R. R. R. Co.*, 39 id. 61; *Willis* v. *L. I. R. R. Co.*, 34 id. 670.) Even riding on the platform of steam cars is not necessarily negligence. (*Werle* v. *L. I. R. R. Co.*, 98 N. Y. 650; *Ginna* v. *Second Ave. R. R. Co.*, 67 id. 596; *Nolan* v. *B., etc., R. R. Co.*; 13 N. Y. Week. Dig. 286; *Willis* v. *L. I. R. R. Co.*, 34 N. Y. 670.) Plaintiff was entitled to comfortable accommodations

on defendant's car ( *Werle* v. *L. I. R. R. Co.*, 98 N. Y. 651);
and was justified in seeking another seat when he was
" crowded " in the one he had just taken. ( *Willis* v. *L. I.
R. R. Co.*, 34 N. Y. 681; *Dixon* v. *B. C., etc., R. R. Co.*,
100 id. 179.)   Defendant was bound to operate its railroad in
as safe a manner as was possible to human care and foresight.
( *Brown* v. *N. Y. C. & H. R. R. R. Co.*, 34 N. Y. 404; *Bowen*
v. *N. Y. C. & H. R. R. R. Co.*, 18 id. 408; *Hagerman* v.
*W. R. R. Co.*, 13 id. 9.)   The court properly declined to
charge " that if the jury believe that the plaintiff could have
seen the columns by looking, but that he did not look, and was
injured by reason of his failure so to do, the defendants are
entitled to a verdict." ( *Weber* v. *N. Y. C. R. R. Co.*, 58 N. Y.
461; *Beisiegel* v. *N. Y. C. & H. R. R. R. Co.*, 40 id. 9;
*De Long* v. *D., etc., R. R. Co.*, 37 Hun, 282; *Thorpe* v. *N. Y.
C. & H. R. R. R. Co.*, 76 N. Y. 403; *Seybolt* v. *L. E., etc.,
R. R. Co.*, 95 id. 562.)   Detached expressions in a charge
cannot properly be made the basis for exceptions. ( *Ginna* v.
*Second Ave. R. R. Co.*, 67 N. Y. 596; *Loftus* v. *U. F. Co.*,
84 id. 455.)

BRADLEY, J. While riding as a passenger in an open car on
the defendant's street railroad, the plaintiff received a per-
sonal injury, which he charges was occasioned wholly by the
fault or negligence of the defendant.   The plaintiff entered
the car at One Hundred and Twenty-sixth or One Hundred
and Twenty-seventh street, in the city of New York, and sat
on the rear seat of the car until it approached One Hundred
and Fifth street, when he left his seat and stepped out onto
the side step of the car, and was proceeding to go forward to
take another seat in the car, when his head came in contact with
one of the posts or supporting columns of the elevated rail-
road, under which the defendant's road was operated, and in
that manner received the injury.   The distance between the
car and the post, as represented by the evidence, was from
one foot eight inches to two feet.   The questions whether the
defendant was chargeable with negligence in the matter, and

whether any negligence on the part of the plaintiff contributed to produce the injury, were submitted to the jury. Thereupon the defendant's counsel requested the court to charge the jury that if they believed " that the plaintiff left his seat unnecessarily and voluntarily, and while the car was in motion, and without requesting the driver or conductor to stop the same, and when upon the step of the car he swung himself outside the line of the step of the car, and while so doing came in contact with the column of the elevated railway, the defendant was entitled to a verdict." The court declined other than as charged and exception was taken to such refusal. The evidence was such, as a whole, to permit the jury to find in the affirmative the proposition presented. While the evidence of the plaintiff tended to prove that he was crowded from his seat or in such manner as to render it uncomfortable for him to remain there, and that he was proceeding to obtain another when he was injured, there was evidence given on the part of the defendant to the effect that the two rear facing seats were not full at the time in question, but that when the plaintiff left his seat there was room in them for two or three more persons. Whether the plaintiff was justified in leaving his seat and going outside the car to seek another seat in it was a question of fact for the jury. The seats in railway cars are provided for the passengers to occupy. If, without reasonable cause they leave the car or place themselves on the outside of it when in motion, they assume the hazards of so doing. (*Clark* v. *Eighth Ave. R. R. Co.*, 36 N. Y. 135; *Ginna* v. *Second Ave. R. R. Co.*, 67 id. 596; *Dixon* v. *Brooklyn City & N. R. R. Co.*, 100 id. 171; *Todd* v. *O. C. & F. R. R. R. Co.*, 3 Allen, 18; 7 id. 207; *Hickey* v. *B. & L. R. R. Co.*, 14 id. 429; *Torrey* v. *B. & A. R. R. Co.*, 147 Mass. 412; *P. & C. R. R. Co.* v. *McClurg*, 56 Penn. St. 294; *Indiana, etc., R. R. Co.* v. *Rutherford*, 29 Ind. 82; *Pittsburgh, etc., R. R. Co.* v. *Andrews*, 39 Md. 329; *Dun* v. *Seaboard, etc., R. R. Co.*, 78 Va. 645).

The cause which may justify a passenger, without the imputation of fault on his part as against the carrier, in leav-

ing his seat and going outside the car and occupying, tempor-
arily or otherwise, a position there while it is in motion, must
be dependent upon the occasion and circumstances which
induce or impel him to do so. We are now dealing with the
situation presented by the evidence in the present case. The
plaintiff asserts that the seat which he occupied became so
crowded as to render it uncomfortable for him to remain in it.
This, so far as appears, seems to have been the only reason
which induced him to seek another seat, and to proceed in the
manner he did to reach it. Upon his evidence the conclusion
was permitted that he had reasonable cause for leaving his
seat to obtain another, and that it was necessary for his com-
fort to do so. And it is upon that assumption that he may be
relieved from the charge of contributory negligence. But if
he unnecessarily and voluntarily left his seat and proceeded
onto the step, and there came in contact with the column of
the elevated road in the manner stated in the proposition,
which the court was requested and declined to submit to the
jury, it is difficult, in view of the evidence, to see that the
plaintiff was entitled to recover. Upon that assumption of
fact there was no impelling cause, which justified his act of
going outside the car and taking the hazard from which
resulted the injury. In that case the consequence of the
situation in which he placed himself came from his own fault,
and he was chargeable with contributory negligence. The
refusal of the court to charge as so requested, therefore, was
error, unless the charge, as made, covered such proposition so
far as the court could properly be required to submit it to the
jury. The question of negligence of the plaintiff was sub-
mitted to the jury in general terms. Although the general
proposition charged in that respect may be deemed to have
embraced within it all the causes to which the plaintiff's
negligence may have been attributable, the defendant had the
right to have the jury instructed that a state of facts within
those which there was evidence tending to prove, and which, if
found by them, would, as a matter of law, constitute a defense
on the ground of negligence. This was the apparent purpose

of the request.   And it was not, in substance or effect, expressed in the instruction given by the charge of the court to the jury.   As the case is presented by the record before us, the consideration of no other question is deemed necessary for the purpose of a new trial.

For the error in refusing to charge as so requested the judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except BROWN and VANN, JJ., who dissent on the ground that the substance of the request discussed in the opinion of the court is covered by the general charge and by the response of the trial judge to the other requests.

Judgment reversed.