HENRY TANNER, Appellant, *v.* BUFFALO RAILWAY COMPANY, Respondent.

*Negligence — personal injury — form of instruction on the subject of contributory negligence.*

In an action brought against a street railway company to recover damages for a personal injury alleged to have been sustained by a passenger through the negligence of the defendant in causing him to fall from the step of its electric car, an instruction to the jury, at the request of the defendant : — " that if the plaintiff voluntarily and unnecessarily placed himself on the step outside the car, before it came to a stop and while going at the rate of six miles an hour, whereby his injury was made possible, then he cannot recover," — is not open to the objection that it does not include the element of " negligence " on the part of the plaintiff, since " voluntarily and unnecessarily " placing oneself in such a dangerous position as that described is, in the nature of things, negligence and imports negligence.

APPEAL by the plaintiff, Henry Tanner, from a judgment of the Supreme Court, dismissing the complaint, entered in the office of the clerk of Erie county on the 20th day of December, 1892, upon a verdict in favor of the defendant rendered at the Erie Circuit, and also from an order entered in said clerk's office on the 20th day of December, 1892, denying the plaintiff's motion for a new trial made upon the minutes.

*George Wadsworth*, for the appellant.

*W. S. Jenkins*, for the respondent.

DWIGHT, P. J. :

The action was to recover damages for a bodily injury sustained by the plaintiff in falling or being thrown from the steps of an electric car operated by the defendant on Niagara street in Buffalo. The plaintiff intended to leave the car at Hudson street, and shortly before that crossing was reached he went to the rear end of the car, passed through the vestibule and stepped down onto the lower step, while the car was running at a speed exceeding six miles an hour, and stood there without taking hold of the car with either hand until the moment when, as he testifies, the speed of the car

was increased by a sudden jerk and he caught hold of the hand rod on the corner of the car with his left hand and attempted to sit down on the step behind him, but failed to do so, and either fell or was thrown to the ground, sustaining the injury of which he complains. The testimony on both questions, of negligence on the part of the defendant and of contributory negligence on the part of the plaintiff, was quite sufficient to sustain the verdict in favor of the defendant, and the verdict and judgment must stand unless the single exception taken by the plaintiff in the course of the trial points to error in the submission of the latter of those questions to the jury. That exception was to an instruction given to the jury, in response to a request of the defendant, in the following words : " That if the plaintiff voluntarily and unnecessarily placed himself on the step outside the car, before it came to a stop and while going at the rate of six miles an hour, whereby his injury was made possible, then he cannot recover."

Counsel for the appellant urge that this hypothesis excludes the element of negligence which was the one thing necessary to preclude a recovery by the party injured. But, of course, the effect of the instruction was that the conduct described was of itself negligence. As such, we think it was a correct instruction in this case, the question being left to the jury to say whether the conduct of the plaintiff was within the description given. " Voluntarily " and " unnecessarily " are comprehensive terms. They characterize the act to which they are applied as needless — not required by the circumstances of the case — and one which, if it involved danger to life or limb, was unreasonable and, in the nature of things, negligent. The same terms were employed, without the word " negligently," in the request to charge in the case of *Coleman* v. *Second Avenue Railroad Company* (114 N. Y. 609), and it was held error to refuse the instruction. In that case there was evidence tending to show that the plaintiff had been crowded from his seat and was passing around on the side step of the open car in search of another. It was a question in that case whether the exposure to danger was voluntary and unnecessary. There, probably, was no question about it in this case, but it is not for the plaintiff to complain that the question was submitted to the jury.

In the case of *Coleman* (*supra*) the familiar rule was reiterated

that if passengers without reasonable cause leave the car or place themselves on the outside of it when in motion, they assume the hazards of so doing, citing numerous authorities to that effect, and the term " without reasonable cause " is treated as substantially equivalent to the term " voluntarily and unnecessarily."

Under the authorities to which reference is made we can have no doubt that the instruction to which exception was taken was one to which the defendant was entitled.

The judgment and order appealed from must be affirmed.

LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed.