WILLIAM FRANCISCO, Appellant, *v.* THE TROY AND LANSINGBURGH RAILROAD COMPANY, Respondent.

*Personal injuries — street railroad — it is not negligence per se to stand upon the platform of a car when directed to do so.*

In an action brought to recover damages resulting from personal injuries sustained, as alleged, from the negligence of a railroad corporation, it appeared that when the plaintiff got upon the car in question he was smoking; that he was directed by the conductor to go upon the front platform; that he did so, and stood there with both hands behind him, holding on to an iron railing in front of a window; that the car was proceeding rapidly, when it reached a sharp curve, where, the speed not being reduced, the plaintiff was thrown from the car; that several other persons in the car were thrown upon their knees by the sudden jerk. There was some evidence of contributory negligence.

*Held,* that the questions of negligence and contributory negligence were for the jury;

That it was not negligence *per se* that the plaintiff, after having been directed by the conductor to do so, stood upon the front platform instead of remaining inside the car.

MAYHAM, P. J., dissenting.

APPEAL by the plaintiff, William Francisco, from a judgment of the Supreme Court in favor of the defendant, entered in the office

of the clerk of the county of Saratoga on the 24th day of October, 1894, upon the dismissal of the complaint directed by the court after a trial at the Saratoga Circuit before the court and a jury.

The case was before the General Term on a former appeal, the opinion delivered on which is reported in 78 Hun, 13.

*Isaiah Fellows, Jr.,* for the appellant.

*Thomas S. Fagan,* for the respondent.

PUTNAM, J.:

This is an appeal by the plaintiff from a judgment of nonsuit. Evidence was given upon the trial from which the jury, if allowed to pass upon the questions involved in the case, could have found the following facts: Plaintiff, about eight o'clock on the evening of January 31, 1892, at Waterford, boarded defendant's car running between that place and Cohoes. He was smoking at the time, and was directed to go upon the front platform by the conductor; he did so, and, at the time of the accident below mentioned, was standing on said platform with both hands behind him, holding on to an iron railing in front of the window. There were several curves between Waterford and Cohoes, one of which, known as " Bush Curtis corner," was described as *a sharp curve, turning from one street to another*. The evidence showed that the night was dark. As the car of defendant in which plaintiff was riding approached the Bush Curtis corner it was going at a high rate of speed, and did not slow up. As the car rounded the corner, going rapidly, it gave a jerk, throwing plaintiff off on to the ground and injuring him. For this injury the action was brought.

The trial court, after the plaintiff had rested, granted a nonsuit for the alleged reason that he had failed to show negligence on the part of the defendant, and the absence of contributory negligence on the part of himself.

On the first trial of the case it was submitted to the jury, and plaintiff had a verdict. Evidence was offered by defendant, and a different state of facts appeared from what was shown on the trial now being reviewed by us. On the first trial defendant proved that plaintiff at the time of the accident was standing on the step

on the forward end of the car, on the right-hand side; that he had both feet on the step. We thought that it was contributory negligence for a passenger, while a car was in rapid motion at a place where he knew there were sudden curves, to stand on the steps of a car, especially as there was room for him on the inside. But on this trial we have a different state of facts. The plaintiff's witnesses only have been sworn, and it now appears that plaintiff at the time of the accident was standing on the platform, instead of the step. He had been directed to that place by defendant's conductor. At the time of the accident he stood on the said platform, as directed, with his two hands firmly grasping an iron railing behind him. Under the facts appearing on the present trial, that the act of plaintiff in standing on the platform was not negligence *per se* is well settled. (*Nolan* v. *Brooklyn City & Newtown R. R. Co.*, 87 N. Y. 63; *Meesel* v. *Lynn & Boston R. R. Co.*, 8 Allen, 234; *Germantown Passenger R. Co.* v. *Walling*, 97 Penn. St. 55.)

It was a question of fact for the jury, under all the circumstances, whether or not the plaintiff was free from contributory negligence. (*Nolan* v. *B. C. & N. R. R. Co.*, *supra*; *Hart* v. *H. R. Bridge Co.*, 80 N. Y. 622; *Chisholm* v. *State of New York*, 141 id. 246; *Massoth* v. *D. & H. C. Co.*, 64 id. 524–529.)

There are circumstances appearing from the testimony referred to in the brief of the learned counsel for the respondent from which the jury might have found contributory negligence on the part of plaintiff. But the facts so commented upon should have been submitted to and discussed before the jury. We are unable to determine as matter of law, from the testimony produced by plaintiff, that he was guilty of contributory negligence. It was a case where the inferences from the facts should have been passed upon by a jury.

It remains, therefore, to consider whether there was testimony in the case indicating negligence on the part of the defendant that should have been submitted to the jury.

It was satisfactorily shown that the car was going at a high rate of speed, and that such speed was not decreased while turning the Bush Curtis corner. At the turn the car gave a sudden jerk and threw the plaintiff to the ground. The witness Spodden testified that the lurch of the car threw him on his knees. Wolf said it threw him against the door, his head striking it. Martin testified

that when the car went around the corner there was a sudden jerk, and it threw him over on his knees against the people on the other side. Dunwoodie testified that he was sitting down and that the lurch of the car at the time in question did not throw him very far, but it threw him upon his knees, so that his knees struck against the side of the car. Lewis said : " I fell forward, and when I fell forward I hung still tighter and came back to where I was," etc.

We think the evidence of these witnesses we have referred to and also the other evidence in the case indicated that the defendant's car went around a sharp curve without at all slowing up and at a high and dangerous rate of speed, and hence that there was evidence tending to show negligence on the part of the defendant which the trial court should have submitted to .the jury. (*Werle* v. *Long Island R. R. Co.*, 98 N. Y. 650.)

*Coleman* v. *Second Avenue R. R. Co.* (114 N. Y. 609), cited by the learned counsel for respondent, is not a parallel case. In that action the plaintiff recovered a judgment. The accident to Coleman was caused by his leaving a seat on the car of the defendant, having platforms on each side of the seats, and going on to one of said platforms, and while there coming in contact with a column of the elevated road near which the defendant's tracks ran. On the trial defendant requested the court to charge the jury that if they believed " that the plaintiff left his seat unnecessarily and voluntarily, and while the car was in motion, and without requesting the driver or conductor to stop the same, and when upon the step of the car he swung himself outside the line of the step of the car, and while so doing came in contact with the column of the elevated railway, the defendant was entitled to a verdict." The court declined to so charge, and for that error the judgment was reversed; It was properly held that if without reasonable cause the plaintiff left his seat where he was safe and went on to a platform on the side of the car and came in contact with a permanent structure near defendant's road, he could not recover. In that case he voluntarily and without sufficient cause took upon himself the risk of the accident. It will be seen that in the case referred to the facts were not at all like those in the one under consideration.

On the whole we think this case presented questions of fact which should have been submitted to the jury, and hence that the judg-

ment must be reversed and a new trial granted, costs to abide the event.

HERRICK, J., concurred.

MAYHAM, P. J. (dissenting):

On the former appeal we held that there was not sufficient evidence of the defendant's negligence to authorize the submission of the case to the jury. I do not see that the evidence on that branch of the case has been changed on this trial, and cannot. therefore, concur in the granting of a new trial. Proof of defendant's negligence in this class of cases is always a necessary prerequisite to a recovery.

Judgment reversed and a new trial granted, costs to abide the event.