James Bradley, as Administrator, etc., of James Bradley, Jr., Deceased, Respondent, *v.* Second Avenue Railroad Company, Appellant.

*Negligence — a driver suddenly applying the brake to a car — a passenger riding unnecessarily upon a front platform is guilty of contributory negligence.*

Upon the trial of an action brought to recover damages resulting from the death of the plaintiff's intestate, caused by the alleged negligence of the defendant, a street railway corporation, it appeared that the deceased, although there was ample room for him inside the car, went upon the front platform in the night, during a snow storm and when the tracks were slippery, and remained there of his own volition until a sudden jerk of the car caused him to fall off.

The only evidence in support of the plaintiff's contention, that the accident was caused by the negligence of the cardriver in improperly applying the brake, was contained in the testimony of a witness to the effect that, at a point near where the accident occurred, the car gave a jerk, as if the driver of the car had put the brake on and then let the brake out, and that the car gave a good jerk, and that after that he saw the deceased going over the dashboard. He further described the jerk by saying that it was just as if there was a rock or something on the car track.

Upon appeal from a judgment in favor of the plaintiff,

*Held,* that the evidence was not sufficient to justify the jury in finding that the driver was guilty of negligence in applying the brake so suddenly as to cause the fall of the deceased ;

That, as the deceased, without any necessity for so doing, left an absolutely safe place in the car to go to a more hazardous one upon the front platform, upon a dark and stormy night, when the tracks were slippery and sudden stoppages of the car were likely to occur, he was not shown to have been free from contributory negligence.

Appeal by the defendant, the Second Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of June, 1895, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 11th day of June, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Payson Merrill,* for the appellant.

*Sumner B. Stiles* and *Francis L. Wellman,* for the respondent.

PARKER, J.:

On the evening of January 28, 1895, plaintiff's intestate boarded one of defendant's cars on Second avenue near Twenty-seventh street.

Although there was ample room for him on the inside of the car, he went out upon the front platform, and there remained standing until the car reached Sixty-third street, when he fell off, was run over, and received such injuries that he died about a week later. The theory of the plaintiff upon the trial was that the defendant was guilty of negligence causing the injury, in that the driver, without necessity for it, so suddenly applied the brake as to cause the car to give a violent jerk, which had the effect of hurling plaintiff's intestate over the dashboard. The only evidence in support of this position was given by the witness Carroll, who testified that he was riding in the car, and that "just about Sixty-third street this here driver, it was just as if he put the brake on and then he let the brake out, and the car gave a good jerk; what I would call a good one anyhow; and after that I seen this man going over the dashboard; I seen him myself."

While the witness says he saw the intestate going over the dashboard, he does not testify that he saw the driver apply the brake, but asserts instead that the jerk which he experienced seemed to him as if the driver had put the brake on and then let it off. Again he describes the jerk in the following language: "It was just as if there was a rock or something on the car track, or anything like that." We do not think this evidence was sufficient to authorize the jury to find that the defendant's servant was guilty of negligence in applying the brake so suddenly and sharply as to cause plaintiff's intestate to be hurled from his position on the platform. We are also of the opinion that the plaintiff failed to sustain the burden resting upon him of proving that plaintiff's intestate was free from contributory negligence within the principle established by the following cases: *Clark* v. *Eighth Ave. R. R. Co.* (36 N. Y. 135); *Hayes* v. *Forty-second St., etc., R. R. Co.* (97 id. 259); *Connolly* v. *Knickerbocker Ice Co.* (114 id. 108); *Coleman* v. *Second Ave. R. R. Co.* (Id. 612); *Cassidy* v. *Atlantic Ave. R. R. Co.* (9 Misc. Rep. 275).

This is not a case where plaintiff's intestate, by reason of the

crowding of the car, was obliged to go upon the front platform.　On the contrary, it conclusively appears that there was plenty of room on the inside of the car.　No one was standing up in the car, and he could have had a seat had he chosen to take one.

Instead, he passed out upon the front platform, a place obviously more dangerous at any time than the inside of the car, but especially so on this occasion, in view of the slippery condition of the tracks, the storm and the darkness, which made it probable that sudden stoppages of the car would occur.　It was a cold night, the thermometer being only twenty degrees above zero ; the tracks were icy and slippery, and it was snowing steadily during all of the time that he was upon the car.

To the situation we have described, the language of the court in *Coleman* v. *Second Avenue R. R. Co.* (*supra*) applies :　" The seats in railway cars are provided for the passengers to occupy.　If, without reasonable cause, they leave the car or place themselves on the outside of it when in motion, they assume the hazards of so doing."

But in that case the plaintiff offered as an excuse that the seat which he occupied became so crowded as to render it uncomfortable for him to remain in it, and so he stepped down upon the step, which ran lengthwise of the car, for the purpose of going forward to take another seat, and while doing so was injured, and it was held that from his evidence the conclusion was permitted that he had reasonable cause for leaving his seat to obtain another.　And, continued the court, " it is upon that assumption that he may be relieved from the charge of contributory negligence."　If in this case the car had been crowded so that it became necessary for plaintiff's intestate to go upon the platform, that fact might have presented an excuse which would have made it a question for the jury whether he was free from contributory negligence.　But the facts show no excuse whatever.　He left an absolutely safe place to go into one more hazardous at all times, but especially so on the occasion in question.　And it was necessary for plaintiff to prove something more than this act of carelessness in order to authorize a jury to find that the plaintiff had sustained the burden resting upon him of showing that his intestate was free from contributory negligence.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed, new trial ordered, with costs to appellant to abide event.