## BRADLEY v. SECOND AVE. R. CO.

(Supreme Court, Appellate Division, First Department. November 11, 1898.)

1. TRIAL—NONSUIT—SECOND TRIAL—AMENDMENT OF TESTIMONY.

On a second trial, after the judgment has been reversed for insufficiency of evidence, the court cannot take it from the jury because it is of the opinion that a witness has amended his testimony given at the former trial, to fit the opinion of the appellate court.

2. APPEAL—NONSUIT—EVIDENCE—REVIEW.

On review of an order dismissing a complaint for insufficiency of evidence, the testimony must be given a version most favorable to plaintiff.

3. STREET RAILROADS—INJURY TO PASSENGER—QUESTION FOR JURY.

Whether a stopping of a horse car so suddenly as to throw a passenger over the front dashboard could have been caused by a sudden application of the brake, is for the jury.

4. SAME—BURDEN OF PROOF.

In an action for the death of a passenger on a horse car, caused by his being thrown over the front dashboard by a sudden application of the brake, the burden is on defendant to show some emergency justifying such management of the car.

5. SAME—NEGLIGENCE—PRESUMPTION.

The mere fact that a passenger was on the front platform of a horse car is not conclusive evidence of negligence on his part.

6. SAME—QUESTION FOR JURY.

A passenger on a horse car was injured while riding on the front platform, and smoking. The track was slippery from snow, but not sufficiently so as to cause unusual movements of the car. It was a custom of the company to permit smoking on the front platform. *Held*, that whether he was negligent in being on the platform was for the jury.

Appeal from trial term, New York county.

Action by James Bradley, administrator, against the Second Avenue Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

S. B. Stiles, for appellant.
C. F. Brown, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for the death of the appellant's intestate through the alleged negligence of the defendant. This case has been previously tried, resulting in a verdict and judgment for the plaintiff, which was reversed by the general term, upon the ground that there was not sufficient evidence of the defendant's negligence, and of the freedom of the plaintiff's intestate from contributory negligence. 90 Hun, 419, 35 N. Y. Supp. 918. The accident which resulted in the death of the plaintiff's intestate occurred on the 25th of January, 1895. He was a passenger upon one of the defendant's horse cars going uptown, boarding the car between Twenty-Sixth and Twenty-Seventh streets. He rode upon the front platform of the car, standing behind the driver on the right side, with his back against the window, and smoking a cigar. When the car reached a point between Sixty-Third and Sixty-Fourth streets, and was going on a slight downgrade, it gave a sudden jerk, and the deceased was

thrown over the dashboard, under the wheels of the car, and killed. Upon the previous trial, one James Carroll was a witness, and testified that the jerk was as if the driver had put the brake on, and then let it go, or as if there was a rock or something on the car track,—anything like that. This was the sole evidence on the question of negligence, and the court held upon appeal that it was insufficient to show negligence upon the part of the defendant in the management of its car. There was no evidence whatever that the brake had been suddenly put on; and the testimony was entirely consistent with the assumption that the accident had happened without the brake being put on at all, and hence that there was nothing from which the jury were authorized to impute negligence to the driver of the car. Upon the second trial, the witness Carroll testified that he saw the driver put on the brake as quick as he could, and then all of a sudden let it go again. Another witness, who was not examined upon the previous trial,— a Mr. Allen,—testified that he also saw the driver put the brake on suddenly, and that the plaintiff's intestate was thrown over the dashboard.

Even though the court should be of the opinion that the witness Carroll had amended his testimony to fit the opinion of the general term upon the previous appeal, that fact would not authorize the court in taking the case away from the jury. It was simply a fact to be considered by the jury in weighing his evidence. Williams v. Railroad Co., 155 N. Y. 158, 49 N. E. 672. The history of the case cited upon that subject is somewhat instructive, it having been twice to the general term and twice to the court of appeals. 39 Hun, 430; 116 N. Y. 628, 22 N. E. 1117; 92 Hun, 219, 36 N. E. 274; 155 N. Y. 158, 49 N. E. 672. In this case, in addition to Carroll's testimony, we have another witness sworn, who was not examined upon the former trial, and who testifies to the same fact.

It is urged upon the part of the respondent that Carroll's testimony, taken as a whole, was substantially to the same effect as before; but, as the complaint was dismissed, the most favorable version of his testimony must be taken by the court in considering this appeal.

It is also urged upon the part of the respondent that it was a physical impossibility that the accident could have happened if the brake were suddenly put on and as quickly let go. This is a consideration to be submitted to the jury. They are to judge as to whether there was a sufficient interval between the putting on of the brake and the release of it to throw the plaintiff's intestate over the dashboard, which seems to have occurred. If there was, upon the part of the driver of the defendant, this sudden and unusual application of the brake, by which the deceased was thrown over the dashboard of the car, it was incumbent upon the defendant to excuse this extraordinary management of the car by showing the existence of some emergency which appeared to require such prompt and decisive action.

The remaining question to be considered is as to whether the plaintiff has sustained the obligation, cast upon him by the law, of

showing want of contributory negligence upon the part of his intestate. When the case was before the general term, it appeared that the deceased was standing upon the front platform of the car, without any apparent reason, and that there were considerable accumulations of snow and ice upon the track, which had made it difficult to manage the car. Upon the second trial, however, the evidence tended to show that it had not been snowing much at the time of the accident, and that sufficient snow had not fallen to cause any unusual movements of the car, although everything was somewhat slippery and slushy. It further appeared that, at the time of the happening of the accident, the deceased was smoking, and that it was the custom of the defendant to allow smoking upon the front platform. It cannot be held that the mere fact that the deceased was standing upon the front platform is, as matter of law, conclusive evidence of contributory negligence. That depends upon the circumstances of each individual case, and it is a question for the jury to determine whether, from the evidence, any reasonable excuse has been offered. In the case at bar, it appears that it was the custom of the railroad company to allow smoking upon the front platform, and that the deceased was smoking; and the jury had a right to consider all these circumstances, as well as the state of the weather and the condition of the streets, in determining the question as to whether the deceased had been guilty of contributory negligence.

Upon the whole case, therefore, we think that the dismissal of the complaint was error, and that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.