## Jennings *v.* Union Traction Company, Appellant.

206    31
p 26 SC 540

*Negligence—Street railways—Injury to passenger—Contributory negligence.*

Where a passenger on an open summer electric street car signals the conductor to stop at a crossing both before the car had reached the crossing and after it had passed the crossing, and the conductor either does not see or heed the signals, and the passenger then rises and stands at the extreme edge of the car with his face to the rear and his arm around a stanchion, and again signals the conductor when the car is well within the block, and the car is then suddenly stopped with a jar, and the passenger is thrown out and injured, the latter is not entitled to recover damages from the railroad company for his injuries. In such a case it is not the negligence of the company, but the contributory negligence of the passenger which caused the accident.

MR. JUSTICE MESTREZAT dissents.

Argued Jan. 23, 1903. Appeal, No. 145, Jan. T., 1902, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1897, No. 349, on verdict for plaintiff, in case of Michael Jennings v. Union Traction Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass by passenger against a street railway company to recover damages for personal injuries. Before BREGY, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment of plaintiff for $12,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Leaming*, with him *Russell Duane*, for appellant, cited: Blue v. Penna. R. R. Co., 1 Mona. 757; Continental Pass. Ry. Co. v. Swain, 13 W. N. C. 41; Brown v. Barnes, Receiver, 151 Pa. 562; Jackson v. Philadelphia Traction Co., 182 Pa. 104; Penna. R. R. Co. v. Langdon, 92 Pa. 21; Drake v. Penna. R. R. Co., 137 Pa. 352.

*John A. Ward*, for appellee, cited: Kohler v. Penna. R. R. Co., 135 Pa. 346; Penna. R. R. Co. v. Weber, 76 Pa. 157;

Penna. R. R. Co. v. Werner, 89 Pa. 59; Bard v. Railway Co., 199 Pa. 94; Sweeney v. Union Traction Co., 199 Pa. 293; Smith v. Easton Transit Co., 167 Pa. 209.

OPINION BY MR. JUSTICE POTTER, May 11, 1903:

From the testimony of the appellee in this case, we learn that on September 19, 1897, between six and seven o'clock P. M., he was riding as a passenger upon an open summer car of the defendant company.   The seats ran crosswise of the car and he was seated at the extreme west side, as the car was running north, on Eighth street, Philadelphia.   Desiring to get off at Pine street he attempted to signal the conductor to stop the car before it had reached the crossing of that street, and again after it had crossed.   The conductor either did not see or paid no attention to his signals and the car did not stop, but continued at a rapid rate on its way northward.   Then the appellee rose from his seat, stood upon his feet at the extreme edge of the car, so close to it that he could put his right arm around the post or stanchion at the edge, and turned so as to face the rear of the car, and standing in this position called to the conductor to stop the car.   It had entered upon the block, and the motorman did not stop until about half way through, when he stopped opposite the gate of the Pennsylvania Hospital.   At or about the moment when the car stopped, the appellee fell from the car to the street, and sustained serious injuries.   He claims that his fall was caused by an unusual jar or jolt in the stoppage of the car, and that this constituted negligence, upon which he based his action.   The evidence upon the part of the plaintiff was that of himself and three passengers who were upon the car at the time of the accident.

The plaintiff said that the car " stopped suddenly," " stopped there very suddenly and knocked me right over," " he stopped the car very suddenly and that is what knocked me off."

Anthony Morley said that the car was running at a moderate rate of speed, but on cross-examination he said that the car might have run a car length and a half after the motorman began to slow down.   Also that " it was a very sudden stop."   " He did not see any one inconvenienced or discommoded besides Mr. Jennings, and was not hurt any himself, although he was standing up."

Louis Berger said that the plaintiff was thrown, or fell off, and that the stopping of the car moved witness a few inches out of his seat. He did not see any one else who fell or was inconvenienced in any way except plaintiff.

Henry McGinnis said that the car was going "pretty rapid." "The bell was rung very sudden and the car stopped very sudden." "It stopped with a jar. A very heavy jar." Plaintiff fell off the car. The stopping of the car jolted witness. His head went forward about six inches. The stop was "very sudden," "right sudden," "pretty sudden." After the brakes were applied the car might have run half its length or a little more. Some passengers complained about the sudden stoppage.

This was the substance of the entire testimony to sustain the plaintiff's allegation of negligence. We leave out of consideration the testimony on the part of the defendant, which was strongly to the effect that there was no unusual shock or jar in the stopping of the car, and that the appellee got down on the running board, and stepped off backward, before the car came to a stop.

But turning solely to the evidence on behalf of the plaintiff, does it disclose any negligence on the part of the defendant company?

The plaintiff urgently requested the conductor to stop the car at once when he saw it had crossed Pine street. To emphasize his demand he stood up. If he had remained sitting in his seat, and had been thrown from it, or from the car, or had been injured by the sudden stop while on the car, he would undoubtedly have had a good cause of action. Or if the car had been crowded, and there had been no vacant seat, he would have been justified in standing. But there was plenty of room. He had the whole seat to himself. Instead of remaining in it until the car stopped—as the notices and rules of the company, with which he was familiar, required him to do—he rose and stood upon his feet, at the extreme edge of the car. True he put his arm around the post, but the result showed that his hold was insecure, and afforded him no protection. In response to his imperative demand to stop the car, the conductor obeyed, and gave the signal, and the very thing which the appellee demanded was done and the car was stopped, but, as he says, suddenly and with a heavy jar. But he had demanded an un-

usual thing—the immediate stopping of the car in the middle of a square ; and while other passengers may not have anticipated any such thing, yet he having demanded the stopping of the car then and there, was bound to expect that the car would in consequence of his emphatic demand, stop with some celerity. However sudden the stoppage was, it was not sufficient to injure any of the passengers who were seated, or even a passenger who was standing with his face towards the front of the car.

If the jar of the stoppage caused the fall of the plaintiff, as he testified, it must have been because he was not seated, as he should have been at that particular time, and under the circumstances, but was standing with his face to the rear of the car, and at the extreme edge of it, at the moment when, in response to his repeated and urgent requests, and when as he knew, or ought to have known, the car was about to be brought to a standstill.   Can the motorman be said to be guilty of negligence for bringing his car quickly to a stop in response to the demand of the appellee because his doing so disturbed the balance of a passenger who was standing with his back to the front of the car, and upon its extreme edge ?   We do not see that the motorman had any reason to anticipate that any passenger would place himself in such a position.   Unless it is the duty of a street railway to stop its cars in such a manner that persons standing up and riding backwards, shall not be jolted off their equilibrium, there is no negligence shown in this case.   It is common knowledge that the momentum of a heavy moving car cannot be quickly overcome, as the appellee required should be done in this case, without producing something of a jerk.   It is for the purpose among others of guarding passengers against danger from this cause, that the notices are posted requesting passengers to keep their seats until the car stops.

We are unable to see in the undisputed facts of this case, any cause for the very regrettable accident to the appellee, other than his exposure of himself to an entirely needless risk.

Under this view we are of opinion that the defendant was entitled to a binding instruction in its favor as requested in its third point for charge.

The specification of error is sustained, and the judgment is reversed, and is now entered for the defendant.

MESTREZAT, J., dissents.