# Bendon *v.* Union Traction Company, Appellant.

*Negligence—Street railways—Alighting from car—Standing in dangerous position—Contributory negligence.*

In an action by a woman against a street railway company to recover damages for personal injuries, it appeared that immediately prior to the accident plaintiff was seated in about the center of an open summer car at the end of a cross seat next the running board. As the car approached the street where she desired to alight she arose and beckoned the conductor to stop the car. The conductor, however, was engaged in writing in a book, and either did not observe or paid no attention to her signal. She arose a second time, after the car had crossed the street, and signaled and hallooed him to stop. She remained standing without any support, the conductor rang the bell, the car, which had gone the length of five or six houses beyond the corner " running very swift," " suddenly stopped," and plaintiff was " thrown into the street." *Held,* that the plaintiff was guilty of contributory negligence, and could not recover.

Argued Oct. 13, 1904.    Appeal, No. 16, Oct. T., 1903, by defendant, from judgment of C. P. Phila. Co., Dec. T., 1901, No. 232, on verdict for plaintiff, in case of Adeline Bendon v. Union Traction Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass to recover damages for personal injuries. Before McMICHAEL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Leaming,* with him *Dallas Sanders,* for appellant.— This case was ruled by Jennings v. Union Traction Co., 206 Pa. 31. And there was really nothing new in the Jennings decision: Blue v. Penna. R. R. Co., 1 Mona. 757; Foran v. Traction Co., 22 Pa. Superior Ct. 10; Continental Pass. Ry. Co. v. Swain, 13 W. N. C. 41; Jackson v. Phila. Traction Co., 182 Pa. 104.

*William J. Lawson*, for appellee, cited on the question of contributory negligence : Sweeney v. Union Traction Co., 199 Pa. 293 ; Kohler v. Penna. R. R. Co., 135 Pa. 346 ; Becker v. Penna. R. R. Co., 10 Pa. Superior. Ct. 19 ; Mitchell v. Electric Traction Co., 12 Pa. Superior Ct. 472 ; Moran v. Versailles Traction Co., 188 Pa. 557..

OPINION BY BEAVER, J., November 21, 1904 :

Plaintiff sought to recover from the defendant in an action of trespass for injuries received by her in alighting or being thrown from a car of the defendant company.   A somewhat careful statement of the facts is necessary in order to a thorough understanding of the case and, as in our view of the case the judgment must be reversed, this statement of facts is taken entirely from the testimony of the plaintiff and her witnesses.

The plaintiff boarded an open summer car of the defendant which runs down Seventh and out Ellsworth streets to Sixteenth and Ellsworth.   Her residence was 1200 Ellsworth street.   She was sitting about the center of the car, at the end of a cross seat next the running board.   She arose from her seat on the lower side of the street and beckoned the conductor to stop the car.   The conductor, however, was engaged in writing in a book and either did not observe or paid no attention to her signal.   She arose a second time, after the car had crossed Twelfth street and signaled and hallooed to him to stop. She remained standing without any support, the conductor rang the bell, the car, which had gone the length of five or six houses beyond the corner, " running very swift," " suddenly stopped " and the plaintiff " was thrown into the street."

The facts of this case are strikingly similar to those in the case of Jennings v. Union Traction Co., 206 Pa. 31.   The syllabus of that case, which fairly summarizes the facts, as contained in the opinion of the Supreme Court, delivered by Mr. Justice POTTER, is as follows :  " Where a passenger on an open summer electric car signals the conductor to stop at a crossing, both before the car had reached the crossing and after it had passed the crossing, and the conductor either does not see or heed the signals, and the passenger then rises and stands at the extreme edge of the car, with his face to the rear and his arm around a stanchion, and again signals the conductor when the

car is well within the block, and the car is then suddenly stopped with a jar and the passenger is thrown out and injured, the latter is not entitled to recover damages from the railroad company for his injuries. In such a case it is not the negligence of the company but the contributory negligence of the passenger which caused the accident."

Wherein was the defendant negligent in the present case? After the crossing was passed, it was the duty of the motorman to run his car as he did, that is, rapidly between street crossings. The plaintiff signaled and called to the conductor to stop. He rang the bell, which was notice to her that the car was to be stopped. The motorman obeyed the signal and stopped the car. All this was in exact accordance with the desire and intimation of the plaintiff. Wherein was it negligent? Surely not in the speed of the car, nor yet in the stopping of the car. But it is insisted that the manner in which the car stopped threw the plaintiff from the position which she occupied to the street, but the stop was surely to be expected and was what she desired. The more rapidly the car was running the more sudden would be the stop. It will be noticed, in the study of the Jennings case, that the description of the stop indicates a more sudden stoppage and a greater jar than the description in this case. One of the plaintiff's witnesses said: "The bell was rung very sudden and the car stopped very sudden;" "it stopped with a jar—a very heavy jar;" "the stop jolted the witness, so that his head went forward about six inches." Here the plaintiff's own testimony is, "The car was running very swift and it suddenly stopped and I was thrown into the street." It is, therefore, very clear, upon the authority of the Jennings case, that there was no negligence on the part of the defendant.

In signaling the conductor to stop, the plaintiff arose from her seat, which was on the edge of the car next the running board. After signaling and attracting the attention of the conductor, the bell rang before the stop was made. She had, therefore, abundance of time to resume her seat; indeed she could have resumed it, from the very nature of the case, simultaneously with the ringing of the bell. She remained standing, however, without support of any kind, and, when the car stopped, was, according to her account, thrown to the ground. It is not

necessary to notice the conflicting testimony in regard to the manner in which she was thrown, although the defendant's testimony is entirely different from hers.   Measuring the facts of this case alongside of those of the Jennings case, was she justified in remaining standing?   In that case the plaintiff was a man.   He put his arm around a stanchion to steady himself and seemed to take such precautions as were possible to maintain himself in a standing posture.   Notwithstanding this, he was thrown or fell from the car to the street.   In concluding his opinion, Mr. Justice POTTER says : " We are unable to see, in the undisputed facts of this case, any cause for the very regrettable accident to the appellee other than his exposure of himself to an entirely needless risk."   It was, therefore, undoubtedly the opinion of the Supreme Court that the plaintiff was guilty of contributory negligence, although it is not so expressed in terms, but " the exposure of himself to an entirely needless risk " can mean nothing else.

Measuring the facts of this case by those in the case already quoted, we can reach no other conclusion than that the plaintiff was guilty of contributory negligence.   It was her duty, after attracting the attention of the conductor, to take her seat. She chose to remain standing without support.   True, as is pointed out by the counsel for plaintiff in his argument, she was not standing with her face to the back of the car but to the front, but this, we take it, makes no appreciable difference. She had no support of any kind, whereas in the Jennings case the plaintiff had his arm around a stanchion.   Failing in the observance of a very simple and obvious duty, the plaintiff must be held here to have contributed to the accident in having made it possible, by remaining standing, to throw her to the street, by reason of which, even if the defendant had been guilty of negligence, there could have been no recovery.

We are all of the opinion that the defendant's second point that, under the pleadings and evidence in this case, the verdict should be for the defendant, should have been affirmed. There is nothing else in the case.

Judgment reversed.