The motion for rehearing is denied.          *Motion denied.*

An application for the issuance of a writ of error to remove the cause to the Supreme Court of the United States was denied January 12, 1916.

---

# WASHINGTON RAILWAY & ELECTRIC COMPANY *v.* KRAMER.

---

STREET RAILROADS; NEGLIGENCE; CONTRIBUTORY NEGLIGENCE.

1. It is not contributory negligence *per se* for a passenger to ride upon the platform or running board of a street car when in doing so he

---

Note.—On the question of contributory negligence of passenger in riding or standing on running board or platform of street car, see notes in 2 L.R.A. (N.S.) 1191; 10 L.R.A. (N.S.) 352; 12 L.R.A. (N.S.) 831; 21 L.R.A. (N.S.) 972; and 49 L.R.A. (N.S.) 135.

is following a common practice acquiesced in by the railway company (following *Metropolitan R. Co.* v. *Snashall,* 3 App. D. C. 420; *Harbison* v. *Metropolitan R. Co.* 9 App. D. C. 60; *Brown* v. *Washington & G. R. Co.* 11 App. D. C. 37; *Brightwood R. Co.* v. *Carter,* 12 App. D. C. 155; *Washington, A. & Mt. V. R. Co.* v. *Chapman,* 26 App. D. C. 472; *Capital Traction Co.* v. *Brown,* 29 App. D. C. 473); and while such a passenger assumes the additional risks incident to his more exposed position, when the car is being operated in the usual and customary manner, the company will be liable for any injuries which befall a passenger in such position as the result of its negligence, provided he was exercising due care at the time. (Citing *Hart* v. *Capital Traction Co.* 35 App. D. C. 502.)

2. In an action against a street railway company for injuries received by the plaintiff while a passenger on a car of the defendant, it is error for the trial court to refuse an instruction asked by the defendant and supported by the evidence, which is to the effect that if the plaintiff left his seat on the rear platform of the car, and stepped upon the running board, while the car was in motion and traveling at the rate of 25 miles an hour, he was guilty of contributory negligence, and that if he was riding on the platform under the conditions mentioned he assumed the additional risk incident to this exposed position, and if the jerk or jar of the car which occasioned his fall was only such a jerk or jar as was to be expected from the movement of a car traveling at that rate of speed, the plaintiff was guilty of contributory negligence and could not recover.

No. 2813.   Submitted October 14, 1915.   Decided November 29, 1915.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for alleged personal injuries.

*Reversed.*

The COURT in the opinion stated the facts as follows:

Appeal from a verdict and judgment for the plaintiff, Thomas B. Kramer, appellee here, in an action for personal injuries resulting from the fall of plaintiff from one of defendant's electric cars while plaintiff was on the running board of the car, plaintiff contending that the car was being run at a negligent rate of speed, and that it was brought to a stop in a negligent manner.

The evidence for the plaintiff was in substance as follows: He is a practising physician and was sixty-one years old at the time of the accident, which occurred in August, 1912. He boarded one of defendant's open cars at Ninth and F streets, N. W., and occupied a seat at the rear end of the car, which seat faced backward and was separated from the seats in the body of the car by a partition. He desired to leave the car at Seventh and East Capitol streets and, as there was no push button within reach of the seat he was occupying, and as he was unable to attract the attention of the conductor, he left that seat when the car was midway between Sixth and Seventh streets and got on the running board to ring a bell. Before he could get to a bell, however, another passenger, who was in the body of the car and who also desired to stop, rang one. Plaintiff passed the first stanchion, where there was a bell, and proceeded to the second stanchion to be "nearer to Seventh street to get off." He continued standing on the running board with his arm "against the stanchion," and that, according to his testimony, gave him "a right good support." The car was running between 25 and 30 miles an hour at that time, and this rate of speed was characterized by the plaintiff and his witnesses as excessive. In bringing the car to a stop the motorman "seemed to make a sudden grind of the brakes, and then came a jar and lurching movement like an impact," when plaintiff was thrown to the street and injured.

According to the defendant's evidence, plaintiff was occupying a seat in the body of the car, where there was ample room, when his hat blew off and he jumped from the car. The evidence for the defendant further tended to prove that the car was running slowly, and that it was stopped without jerk or jolt. It developed during plaintiff's cross-examination that the bell rope was within reach of the rear seat, which plaintiff, according to his testimony, was occupying, but no evidence was introduced tending to show that this rope was for the use of passengers. Plaintiff testified that he thought this bell rope was to be used only by conductors.

The defendant requested the court to instruct the jury that

if they should find that the plaintiff left his seat and stepped upon the footboard of the car while it was in motion and traveling at the rate of 25 miles an hour, he was guilty of such contributory negligence as to preclude recovery; and, further, that if plaintiff was riding on the footboard under the conditions mentioned, he assumed the additional risks incident to this exposed position, and that if it should be found that the jerk or jar which occasioned the fall of the plaintiff was only such a jerk or jar as was to be expected from the movement of a car traveling at that rate of speed, the plaintiff would be guilty of contributory negligence and could not recover. The court declined so to charge, and the defendant duly noted exceptions.

In the charge the court epitomized the averments of plaintiff's declaration and his contention under the evidence as follows: "The negligence that he [plaintiff] relies upon as having caused the accident is that the car was running at this rate of speed, and, in connection with that, that there was a negligent jerk given to the car, that sent him off the running board." The court submitted to the jury the question whether there were any means provided for plaintiff to stop the car from the rear seat, and whether, in stepping out on the running board, under the circumstances, he was guilty of negligence. The court further submitted to the jury the question whether plaintiff's fall was occasioned by negligent management of the car by the motorman.

*Mr. George P. Hoover* for the appellant.

*Mr. Daniel W. Baker* and *Mr. William E. Leahy* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Many times have we ruled that it is not contributory negligence *per se* for a passenger to ride upon the platform or running board of a street railway car when in so doing he is following a common practice acquiesced in by the railway company.

*Metropolitan R. Co.* v. *Snashall,* 3 App. D. C. 420; *Harbison* v. *Metropolitan R. Co.* 9 App. D. C. 60, 9 Am. Neg. Cas. 168; *Brown* v. *Washington & G. R. Co.* 11 App. D. C. 37; *Brightwood R. Co.* v. *Carter,* 12 App. D. C. 155; *Washington, A. & Mt. V. R. Co.* v. *Chapman,* 26 App. D. C. 472, 6 Ann. Cas. 721; *Capital Traction Co.* v. *Brown,* 29 App. D. C. 473, 12 L.R.A. (N.S.) 831. We have further ruled that while such a passenger assumes the additional risks incident to his more exposed position, when the cars are being operated in the usual and customary manner, the railway company will be liable for any injury which befalls the passenger in such a position as the result of its negligence, provided of course that he was exercising due care at the time. The reason for this ruling is plain. The railway company, being responsible for the practice of riding on the platform or steps of its cars, must have due regard for the safety of such passengers as follow that practice. *Hart* v. *Capital Traction Co.* 35 App. D. C. 502.

But the facts in the present case differ very materially from the facts in any case heretofore considered by this court. The plaintiff, according to his own testimony, was occupying a position of safety. Failing to attract the attention of the conductor or motorman, and therefore knowing that they would be in ignorance of what he was about to do, he descended to the running board of a car that, according to his evidence, was moving at the rate of 25 or 30 miles an hour. And when he did this the car was in the middle of the block at the end of which he expected it to be stopped. Notwithstanding that another passenger sounded the stopping bell, plaintiff passed the first stanchion and remained upon the running board. It is clear from the evidence that there was ample room for him inside the car, and yet he chose to remain where he was. There is no evidence that the motorman saw him, and, therefore, the sole question to be determined is whether it can be said that plaintiff was guilty of contributory negligence. We are constrained to answer this question in the affirmative. He must have known, as every person who rides on a street car is bound to know, that considerable vibration attends the running of a car at such a high rate

of speed, and he further was bound to know that the bringing of a car running at such a high rate of speed to a sudden stop would inevitably result in jerking and jolting. *Jennings* v. *Union Traction Co.* 206 Pa. 31, 55 Atl. 765 ; *Baltimore Consol. R. Co.* v. *Foreman,* 94 Md. 226, 51 Atl. 83. Yet, knowing all this, he deliberately left a place of security and exposed himself to certain danger. The lack of means on the rear seat for signaling a stop did not justify the plaintiff in thus exposing himself. He was not without redress for any failure of the railway company to fulfil its implied obligation to stop the car at the proper time and place. Had the car been running at a normal and reasonable rate of speed the case would be different. *Coleman* v. *Second Ave. R. Co.* 114 N. Y. 612, 21 N. E. 1064.

It follows that the first instruction requested by the defendant should have been given. The judgment, therefore, must be reversed, with costs, and the cause remanded for a new trial.

*Reversed and remanded.*