Eliza Powell, Appellant, *v.* John Powell, Respondent.

It is the province of a jury, not only to pass upon conflicting evidence, but where different inferences may be drawn from evidence or from the conduct of parties to draw the inferences.

Plaintiff held a promissory note for $1,000, made by defendant, payable in ten years without interest. Defendant owned a stock of goods estimated to be worth $4,000, which he agreed to sell to his son, plaintiff's husband, for $3,000, if he would procure and surrender the note. Plaintiff, with knowledge of the purpose for which it was required, gave the note to her husband who delivered it to defendant; the latter immediately tore his name from the note, repudiated the agreement, and required plaintiff's husband to pay $4,000 for the goods. In an action for a conversion of the note, the court charged the jury, that if they were satisfied defendant obtained the note from plaintiff fraudulently, they should find in her favor. *Held*, no error; that the circumstances authorized an inference that defendant obtained the note with the preconceived design to destroy it, without using it for the purpose for which plaintiff parted with it; and if so, the action was maintainable; that no demand was necessary; and that plaintiff was entitled to recover the present value of the note.

*Powell* v. *Powell* (3 Hun, 413) reversed.

(Argued September 28, 1877; decided October 9, 1877.)

Appeal from order of the General Term of the Supreme Court, in the third judicial department, setting aside a ver-

dict in favor of plaintiff and granting a new trial. (Mem. of decision below, 3 Hun. 413.)

This action was brought for the alleged wrongful taking and conversion of a promissory note of $1,000 made by defendant, dated January 14, 1870, payable ten years after date without interest.

The facts appear sufficiently in the opinion.

*F. R. Gilbert*, for appellant. Defendant was liable in an action of trover. (2 Yeates, 537; 2 T. R., 788; 2 Salk., 654; 3 J. R., 432; 10 id., 172; 12 id., 484; 48 Barb., 581; 20 N. Y., 76; 50 id., 531; 48 id., 385; 12 id., 313; *Buck* v. *Kent.* 3 Vt., 99; *Evans* v. *Kymer*, 1 B. & Adolph., 528; *Carvey* v. *Creque*, 48 N. Y., 85; *Develin* v. *Coleman*, 50 id., 531.) No demand was necessary in this case. (3 Edwards' Phillip's Ev., 540.)

*D. D. Niles*, for respondent. Plaintiff failed to establish a cause of action, and should have been nonsuited. (*Canfield* v. *Monger*, 12 J. R., 347; *Gray* v. *Palmer*, 2 Rob., 500; 41 N. Y., 619, 620; *Adams* v. *Sage*, 28 id., 103; *Sparks* v. *Leavy*, 1 Rob., 530; Moak's N. Y. Pldgs., 694.)

EARL, J. In January, 1870, the plaintiff held a valid promissory note made by the defendant, payable in ten years without interest. At the same time the defendant owned a stock of merchandize, estimated to be worth $4,000, which he agreed to sell to his son, plaintiff's husband, for $3,000, if he would procure from plaintiff the note and surrender it to the defendant. He thereupon procured the note from his wife, stating to her the purpose for which he obtained it, and delivered it to the defendant, who immediately tore his name from the same, and put it in his pocket; and then, as the evidence tends to show, he repudiated the agreement with his son; said he would not make the allowance of one thousand dollars upon the merchandise; that " it made

no difference what he had agreed to, he was not going to do it." He then required plaintiff's husband to pay $4,000 for the merchandise, and refused any allowance on account of the note. The judge charged the jury that if they were satisfied that the defendant obtained the note from the plaintiff fraudulently, they should find in her favor, and they rendered a verdict in her favor for the present value of the note.

It cannot be disputed that if the promise of the defendant to plaintiff's husband to sell the merchandise and make the deduction, if he would procure the note, was a mere fraudulent device to get possession of the note and destroy it, she would have the right to repudiate the transaction and reclaim the note. We think the conduct of the defendant, and the circumstances surrounding the transaction, were such that the jury could properly draw the inference that the defendant obtained the note with the preconceived design to destroy it, and not use it for the purpose for which plaintiff parted with it. It is the province of the jury not only to pass upon conflicting evidence, but when different inferences may be drawn from evidence, or the conduct of parties, to draw the inferences.

This action could therefore be maintained, and as the note had been thus wrongfully destroyed, no demand that it should be redelivered to her was necessary. That in such a case an action for the conversion of the note is a proper remedy, cannot be questioned. (*Murray* v. *Burling*, 10 J. R., 172; *Decker* v. *Mathews*, 12 N. Y., 313; *Develin* v. *Coleman*, 50 id., 531.)

We have considered the other exception to which defendant's counsel called our attention, and it is clearly unfounded.

The order of the General Term must be reversed, and judgment ordered for plaintiff upon the verdict.

All concur, except FOLGER, J., absent.

Order reversed, and judgment accordingly.