LOUIS SIEDENBACH, APPELLANT, *v.* JULIA A. RILEY, AS ADMINISTRATRIX, ETC., OF THOMAS M. RILEY, DECEASED, RESPONDENT.

*Action to recover chattels — when a mere denial of the plaintiff's title constitutes no defense — effect of evidence that the title is in a third person — when the validity and good faith of a sale is a question for the jury.*

This action was brought by the plaintiff to recover certain chattels, to which he claimed title, under a bill of sale executed to him in July, 1879, by one Toledo; the chattels had been seized by a sheriff as belonging to Toledo, under an attachment issued in December, 1879. The court directed a verdict for the defendant, upon the ground that the property was not owned by Toledo, but by a third person.

*Held*, that this was error; that as both parties claimed under Toledo, it was entirely irrelevant who owned the goods if Toledo did not.

That the mere denial of the plaintiff's title would not be a good defense to the action.

That if there was any question as to the genuineness and validity of the plaintiff's title, arising from the transfer not being accompanied by a change of possession, that question should be left to the jury.

APPEAL from a judgment in favor of the defendant, entered upon a verdict directed by the court, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to recover certain chattels, of which the plaintiff claimed to be the owner, of the value of about $7,500, and for damages for the detention thereof. The chattels consisted of 1,000 Remington rifles. The answer made by the intestate, who was the sheriff of the county of Kings, denied the wrongful

detention, averred that the defendant had not any knowledge or information sufficient to form a belief that the goods or any part of them were the property of the plaintiff, and then proceeded to set forth that as sheriff of Kings county, on the 29th day of December, 1879, he had seized the property under a warrant of attachment issued in an action in which De Witt C. Farrington was plaintiff and Roderigo Toledo was defendant, and that at that time the said property was either the property of said Toledo, or that he had a leviable interest therein. The answer did not deny the taking of said property; nor did it allege ownership in the Republic of Honduras.

The plaintiff derived his title to the rifles, by a bill of sale, dated July 21, 1879, from said Toledo, which, it was claimed, was followed by change of possession within a day or two thereafter, and at the time of the levy of the attachment the chattels were at the Brooklyn navy yard on storage, to the order and credit of plaintiff. On the 29th day of December, 1879, some six months later, the attachment before referred to was levied on said chattels, the sheriff claiming that they were the property of said Toledo, or that he had an attachable interest therein. At the trial term, at the close of all the evidence on both sides, the court below dismissed the complaint and directed the jury to award judgment in favor of the defendant (the sheriff) for $7,440, the value of said rifles. The ground upon which the court directed a verdict dismissing the complaint was that by the terms of the contract between "D. W. C. Farrington, treasurer of the Lowell Battery Gun Company, and R. Toledo, Esq., special commissioner for the Republic of Honduras," the property in question was owned by said Republic of Honduras; the court denied leave to the plaintiff to go to the jury upon the question whether the title to the property was in Toledo at the time he sold it to plaintiff.

*Charles Blandy,* for the appellant.

*Benjamin F. Butler,* for the respondent.

BARNARD, P. J. :

Both parties claim under the same title. The plaintiff claims under a bill of sale from one Toledo, and the defendant under an attachment against Toledo. It is entirely irrelevant who owns the

goods under the pleadings if Toledo does not. The evidence at least presumptively showed a title in the plaintiff derived from Toledo, and accompanied by possession. The defendant levied upon the property as property of Toledo, and there is no claim of title through any other party authorizing the creditor to attack Toledo's title. (*Smith* v. *Hall*, 67 N. Y.. 48.) It was always the law in this State that a denial of plaintiff's title alone is not a good defense. (*Anstice* v. *Holmes*, 3 Denio, 244.) This conclusion leaves only questions of fact in the case. Was the bill of sale a genuine, real, *bona fide* bill of sale ? Was the possession given over of the goods ? If these two questions are answered affirmatively, the plaintiff is entitled to recover for the plaintiff's bill of sale, and the delivery, if possession under it ante-date the levy. Both questions are for a jury. (*Blaut* v. *Gabler*, 77 N. Y., 461; *Juilliard* v. *Chaffee*, 92 N. Y., 529; *Powell* v. *Powell*, 71 N. Y., 71 ) If the change of possession was not absolute and immediate, and continued, the good faith of the transaction may still be shown to the jury, for the failure to give possession only raises a presumption of fraud, which may be rebutted by proof that the transaction was fair. In the evidence as taken the proof of change of possession is abundant. If the proof is to be credited, all dominion over the property was delivered to the plaintiff and received by him. There was no need of an amendment of the complaint in respect to a demand. An averment in a complaint that the defendant unlawfully detains the plaintiff's property is made out by proof of a demand. It is never necessary to plead the evidence.

The judgment should be reversed, with costs to abide event, and a new trial granted.

DYKMAN, J., concurred; PRATT, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.