Hardin, P. J.
In charging the jury the trial judge, said, viz.: “The defendant was required in running its car over this road to exercise ordinary care and prudence. If it did exercise ordinary care and prudence then the plaintiff in this action cannot recover, and that ends the case. If you shall find that this defendant in operating its cars there under the circumstances used ordinary care and prudence, then the defendant in this action is entitled to a verdict at your hands. If, however, you should find that the defendant was negligent in running its car over this street "at that time in the manner in which it was done, you would then come to a second question in the case, which is whether the negligence of the defendant caused the injury of which the plaintiff complains. If you shall find that it did not cause that injury, of course that ends the case and your verdict must be for the defendant.”
Also, ‘ ‘ If you find that the defendant was negligent, and that negligence caused the injury of which the plaintiff complains, then you would come to a third question in the case, which is, was the plaintiff free from negligence which contributed to produce her injury? If you should find that the plaintiff was negligent in the slightest degree, and that that negligence contributed to produce the injury of which she now complains, the defendant would then be entitled to a verdict at your hands, so that the question of plaintiff’s negligence "is also a very material question in the case.”
Also, “Now, the plaintiff, as she approached this crossing, was bound, and it was her duty to use her eyes and ears, and to look and to listen to see if she could discover whether there was an approaching train or not, or *690 whether there was any car passing at that time. If she-could not do that—if she did not look and listen, and her omission to do so contributed to this injury, then she could not recover in this action.”
We think the charge was quite -as favorable upon the-latter proposition as the defendant was entitled to have from the court. It will be observed that it leaves out of view a • circumstance of considerable importance upon the-testimony pertaining to the accident, to wit: “That it was dusk, and no lights' were near the crossing; that Mrs. Dimmick testifies that she looked and did not see the approaching hand-car, prior to the entry of the plaintiff upon the track to make the crossing.
If it was so dark, or if the obstructions were such, or the location of the hand-car at the instant that the plaint - iff entered the track for the purpose of crossing was such that if the plaintiff had looked she would have seen nothing, then it might have been found as a fact by the jury that her omission to look, if she did omit, at the instant of entering upon the track, ■would not have given her any information. Then her omission to look did not contribute to the injuries which she received.
The burden was upon the plaintiff to satisfy the jury that that was no contributory negligence (Hale v. Smith, 78 N. Y., 483), and “the absence of contributory negligence is a part of the plaintiff’s case. The burden of satisfying the jury upon that point rests upon him.”
We think it would be doing violence to the evidence offered upon the trial, and now in review, to say that there was no evidence bearing upon the question of whether or no the plaintiff was free from contributory negligence. ■ Upon all the facts and circumstances disclosed by the evidence we think that question properly belonged to the province of the jury.
The case is unlike Hart v. The Hudson River Bridge Co. (84 N. Y., 62), for in that case the court said: “As the evidence stood there was no proof either way, and it was by no means clear, in the absence of evidence, that the deceased was not chargeable with contributory negligence.”
We think the observations of Miller, J., in that case are applicable to the one in hand, where he says, viz.: “Oases may arise where proof of the facts, of itself, shows, that there was no contributory negligence, but where there is no proof as to what actually did take place at the time, and the proof is such as to render it uncertain in regard to that subject, it cannot be said that an absence of negligence is established within the rule referred to. In such a case no inference can legitimately be drawn in favor of the plaintiff within the rule stated in Powell v. Powell, (71 N. Y., 73).
*691 We think under the peculiar circumstances of the case before us, the question of whether or no the plaintiff was guilty of negligence which contributed to the injury or not, was properly submitted to the jury.
Our attention is called to Spaulding v Jarvis (33 Hun, 622), which we think does not aid appellant’s contention. In that case the plaintiff " supposed he had passed so far beyond the track of the street railroad that the passing car would not reach or touch his carriage. He was mistaken,” and the injury which the plaintiff received was “due as well to the plaintiff’s fault as to the negligence of the defendant.”
We think a case was presented for submission to the jury within the rule laid down in Stack v. The N. Y. C. and H. R. R. Co. (74 N. Y., 469). In speaking of the alleged negligence of the plaintiff, Church, C. J., said, viz.: It depends upon all the circumstances, the situation and acts of the plaintiff, the character of the crossing, the situation of the road and the facility for seeing and hearing; wind and weather, the construction of the evidence and credibility of witnesses. It is difficult to conceive of a question of fact more appropriate for the consideration of a jury than this. It is a question in which men may differ * * * There is room, to say the least, for a difference of opinion, and a verdict either way would not be set aside as against evi - dence. See also Hart v. The Hudson River Bridge Co., 80 N. Y., 622; Jones v. The New York Central, 28 Hun, 366.”
We think error was committed in receiving evidence on the speed of the hand car, from the fact that it carried no light nor signal to warn its approach.
We think those circumstances were not magnified or improperly commented upon by the learned judge. We see no error in his opinion delivered at special term upon that subject, and we are entirely satisfied with the conclusion reached at the trial and at the special term.
We must, therefore, allow the verdict to stand.
Judgment and order affirmed, with costs.
Boardmah and Follett, JJ., concur.