EDWARD H. CHISHOLM, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

While, in an action for negligence, the absence of negligence on the part of the plaintiff, contributing to the injury, must be shown by him affirmatively, this may be done by circumstantial as well as direct evidence, and if different conclusions may be drawn from the circumstances proved, the question of negligence is one of fact for the jury or a trial court.

The state erected a new highway bridge over the Erie canal, which, being wider than the old one, rendered a widening of the approaches necessary. The approach at one end was not graded up to the bridge for some days, and thus a hole was left which was unsafe and dangerous, without proper guards. No guards or lights were furnished, and plaintiff, in crossing the bridge on a very dark night, stepped into the hole and was injured. Upon a claim presented to the Board of Claims it appeared that plaintiff was not aware of the dangerous condition of the approach. *Held*, that the facts showed negligence on the part of the state and justified a finding that there was no contributory negligence on the part of the claimant.

(Argued February 1, 1894; decided February 9, 1894.)

APPEAL from an award of the Board of Claims made December 29, 1891, in favor of the claimant.

The facts, so far as material, are stated in the opinion.

*T. E. Hancock, Attorney-General,* for appellant. There is no evidence in the case tending to show that the state was negligent in respect to the claimant, or that the negligence of the state caused or contributed to the injury complained of. (*Bedlow* v. *N. Y. F. D. D. Co.,* 112 N. Y. 263.) There was no proof offered by which the Board of Claims could find that the claimant was free from negligence contributing to the injuries complained of, even assuming that the state was negligent. (*Murray* v. *T. & W. T. B. Co.,* 91 N. Y. 659; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.,* 58 id. 248; *Cordell* v. *N. Y. C. & H. R. R. R. Co.,* 75 id. 330; *Weston* v. *City of Troy,* 139 id. 281; *Dobbins* v. *Brown,* 119 id. 188; *Splittorf* v. *State,* 108 id. 217; *Peaslee* v. *Latham,* 69 Hun, 389; *Dubois* v. *Kingston,* 102 N. Y. 223.)

*James W. Watts* for respondent. The liability assumed by the state rests upon the same principles as that of an individual. (Laws of 1870, chap. 321, § 1; Laws of 1883, chap. 205, § 13; *Sipple* v. *State,* 99 N. Y. 284; *Bowen* v. *State,* 108 id. 166; *Gibney* v. *State,* 137 id. 1.) On appeal from the decision of the Board of Claims only questions of law are open for consideration. (*Bowen* v. *State,* 108 N. Y. 166.) This bridge was a part of a public highway, and the state owed to all persons using it the same duty that a municipal corporation or an individual owes to persons using streets and sidewalks, viz., to keep it and its approaches in a safe and passable condition. (*McGuire* v. *Spence,* 91 N. Y. 303; *Weed* v. *Ballston,* 76 id. 329; *Nolan* v. *King,* 97 id. 565–572; *Storrs* v. *Utica,* 17 id. 104.) Even though plaintiff knew of the obstruction (which in this case he clearly did not) it is a question of fact whether he was guilty of carelessness which contributed to the injury, and this fact has been found in his favor. (*Bullock* v. *Mayor,* 99 N. Y. 654; *Evans* v. *City of Utica,* 69 id. 166; *Weed* v. *Village of Ballston,* 76 id. 329; *Button* v. *H. R. R. R. Co.,* 18 id. 248; *Hart* v. *H. R. B. Co.,* 80 id. 622; *Hoffman* v. *U. F. Co.,* 47 id. 176–186; *Nowell* v. *City of New York,* 20 J. & S. 382; *Johnson* v.

*H. R. R. R. Co.*, 20 N. Y. 65–70 ; *Jones* v. *N. Y. C. & H. R. R. R. Co.*, 92 id. 628 ; 10 Abb. [N. C.] 200 ; 28 Hun, 304 ; *Moody* v. *Osgood*, 54 N. Y. 488–496.) The excavation in the highway being unnecessarily left as long as it was left, became a nuisance, and in such case contributory negligence is not a defense. (*Irvine* v. *Wood*, 51 N. Y. 224.)

BARTLETT, J.  This appeal is taken by the state of New York from an award made by the Board of Claims in favor of the claimant for personal injuries sustained May 21st, 1889.

The claimant at the time of the accident was a resident of the town of Whitestown in the county of Oneida. For several years prior to 1889 a public highway leading from Yorkville to New York Mills in said town was carried over the Erie canal on a bridge constructed and maintained by the state.

In the spring of 1889 the state removed the bridge and replaced it with one made of iron. This new bridge was six or eight feet wider than the old one, and this fact necessitated the widening of the approaches.

The approach at the northeast corner was not graded up to the bridge for some days after the work in other respects was completed, and a hole was left which rendered said corner unsafe and dangerous and without proper guards and protection.

The accident happened while this state of affairs existed. At about nine o'clock in the evening of May 21st, 1889, the claimant, a young man twenty-four years old, approached said bridge from the south and crossed it on the easterly side to the northeast corner where he stepped into the said hole and was precipitated to the canal bank below, a distance of about ten feet, fracturing a rib and sustaining other severe and possibly permanent injuries. There is abundant evidence to establish that the state was guilty of the grossest negligence in leaving the bridge in the condition already described without proper guards and lights to warn the wayfarer of his danger.

The night of the accident was very dark; one of the witnesses testified "it was darker than pitch."

The attorney-general insisted there was no proof offered by which the Board of Claims could find that the claimant was free from negligence contributing to the accident, and that the finding to the contrary was legal error. It was urged on the argument that it was the duty of claimant to have shown whether he was walking or running, whether he was under the influence of liquor or sober, or whether he was exercising due care under the circumstances.

Although it is a fundamental principle that the absence of negligence on the part of the plaintiff, contributing to the injury, must be affirmatively shown by him, yet this may be done by direct proof, or by circumstances. (*Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622; *Hoffman* v. *Union F. Co.*, 47 id. 176–186; *Button* v. *Hudson River R. R. Co.*, 18 id. 248.)

If different conclusions can be drawn from these circumstances it is a question for the jury, or in this case for the commissioners.

The attorney-general cited the recent decision of this court in *Weston* v. *The City of Troy* (139 N. Y. 281) as a conclusive authority in his favor.

That case illustrates the distinction between the case at bar and many of the cases cited by the attorney-general.

The proof showed that the plaintiff, Mary Weston, while walking on one of the streets of Troy in the forenoon of a March day, slipped and fell by reason of stepping on a ridge of ice that was plainly visible although covered by an inch or two of light snow. A verdict in her favor was reversed because there was no evidence as to the exercise by her of any care on the occasion.

Chief Judge ANDREWS remarked in the course of his opinion "that the presumption which a wayfarer may indulge, that the streets of a city are safe, and which excuses him from maintaining a vigilant outlook for dangers and defects, has no application where the danger is known and obvious."

In the case at bar we have a state of facts which distinguishes it from the case just cited. Claimant was proceeding along a public highway on a very dark night; he was not required to avoid defects or obstructions which he could not see.

In *Harris* v. *Uebelhoer* (75 N. Y. at page 175), Chief Judge FOLGER remarked: " A public highway may be used in the darkest night; a night so dark as that the keenest and clearest vision might not be able to detect obstacles and defects. In such a case any man traveling upon it is practically a blind man." One passing along a sidewalk has a right to presume it is safe. (*McGuire* v. *Spence*, 91 N. Y. 303 ; *Weed* v. *Ballston*, 76 id. 329 ; *Brusso* v. *Buffalo*, 90 id. 679.)

We are of opinion that the evidence fully sustains the findings of the commissioners that the state was negligent and the claimant was not.

It was also proved that the dangerous condition of the northeast corner of the bridge was not known to claimant.

Great stress was laid upon the fact that the claimant testified that he did not know how he fell; he stated under cross-examination: " I think I stepped down one of the steps; after that I did not know anything until I was picked up down on the ground."

It was insisted that claimant's lack of knowledge on this point led to a failure of proof as to how he came to be lying at the bottom of this excavation ten feet in depth.

We do not so regard it, but, on the contrary, consider that the claimant's testimony, taken in connection with all the evidence in the case, leads irresistibly to the conclusion that he, without negligence on his part, on a dark night fell into an excavation that the state, through its servants, had left directly in his path, wholly unguarded, in a public highway over which he was lawfully traveling.

The award is affirmed, with costs.

All concur.

Award affirmed.