(14 Misc. Rep. 288.)

## DATER v. FLETCHER.

(Common Pleas of New York City and County, General Term. November 4, 1895.)

COLLISION BETWEEN VEHICLES—CONTRIBUTORY NEGLIGENCE.

In an action for damages resulting from the collision of vehicles, plaintiff, as a matter of law, is not guilty of contributory negligence where it appears that plaintiff entered upon a large open circle, driving at a walk; that he was required to cross at right angles the tracks of a street railway which crossed the circle; that, as he entered upon the near track, defendant was driving at a rapid rate down the far track, the vehicles being at the time 150 feet apart; and that the rear wheel of plaintiff's vehicle was struck by defendant's vehicle before plaintiff cleared the far track,—though it also appeared that plaintiff failed to look up and down the track before crossing.

Appeal from trial term.

Action by Henry Dater against Thomas Fletcher. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Artemas B. Smith, for appellant.

Eldon Bisbee, for respondent.

BISCHOFF, J. This action was for damages resulting from a collision between the vehicles of the respective parties, and the case went with the plaintiff. Upon this appeal, the defendant relies upon but one ground,—namely, that the plaintiff's contributory negligence was established as matter of law; and for this reason, and because we find no other ground upon which the appeal could well prevail in any event, the question is to be disposed of upon that point.

The facts which the evidence amply supports follow: Plaintiff was driving his carriage at a walk, proceeding, in a southerly direction, from the entrance of Central Park at Eighth avenue, to the intersection of Broadway with the "circle," the latter a large open space, covered with concrete and sand, deadening the sound of horses and of vehicles which might be driven thereon. The entrance to the park abutted upon the circle, and plaintiff's course was in a line across it, and called for his traversing at right angles the tracks of the Cross-Town Railway, a double-track street railroad proceeding along Fifty-Ninth street, east and west, and crossing the circle. Defendant's servant turned his wagon, driven at a very high rate of speed, into the circle, and upon the southerly track of the railway, when the plaintiff's horse had reached the northerly track; the vehicles being at that time about 150 feet apart. Both parties maintained their respective rates of speed, and the accident occurred through the plaintiff's hind wheel being struck by a wheel of the more rapidly moving wagon, before the northerly track had been completely crossed by the plaintiff.

It must be taken as established that the defendant's servant was negligent,—in fact, it is so conceded; but the claim is made that the plaintiff, in failing to turn his head for the purpose of seeing in both directions when approaching the car track, was himself

at fault. We cannot so view the case. The situation was not such as is presented where an approach is made to a crossing, the dangerous nature of which and the difficulty of proper observation before the locality is reached requiring more than ordinary diligence upon the part of the person making the attempt to cross, since here there was no obstruction to the view,—in fact, no "crossing," as the word is to be understood. These vehicles but approached one another upon an open space, and the line taken by either one might be said to cross the path of the other. The evidence shows that the plaintiff looked to the front when proceeding upon his course. Thus, the locality being as noted, he was reasonably in a position to observe any approaching danger from vehicles expected to cross his path, to which effect is his own testimony. Under these circumstances, the question was not one of law, but of fact; and the jury was well authorized, upon the proof adduced, to draw the inference that the accident was due solely to the recklessness of the defendant's servant. See Chisholm v. State, 141 N. Y. 246, 36 N. E. 184. That this individual was driving at a very rapid rate when distant 150 feet from the plaintiff did not, as matter of law, require the latter to take note of the fact, rein in his horse, and forego his attempt to gain his objective point. He could rely upon the exercise of ordinary care upon the part of the defendant's servant, as of any other driver in the street. The duties of the parties were correlative, and neither was called upon to anticipate the negligence of the other; nor was the defendant's failure in the exercise of due care to cast an additional duty of diligence upon the plaintiff. Anselment v. Daniell, 4 Misc. Rep. 144, 23 N. Y. Supp. 875. In view of the position of the vehicles, the defendant's servant was better able to render the situation wholly safe than was the plaintiff, since the latter, after coming upon the track, would have been required to turn his head directly at right angles in order to gauge the speed of the former, who had the scene completely before him. It would have been manifest error to have withheld the case from the jury upon the issue of contributory negligence, and we have but to affirm the judgment.

Judgment and order affirmed, with costs. All concur.