CAVEN v. CITY OF TROY.

(Supreme Court, Appellate Division, Third Department.    July 6, 1898.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.
    Plaintiff's intestate, between 9 and 10 o'clock in the evening, fell into an excavation in a street which had been made a week or 10 days before the accident, and received injuries which caused her death.    There was no light upon the street or guard covering the excavation.    Deceased was aware of the dangerous condition of the street, having passed it twice on the day she was injured.    There was no evidence that she took any precautions to avoid the accident, or any circumstances from which they might be inferred.    *Held*, that she was guilty of contributory negligence.

2. NEGLIGENCE—VERDICT BASED ON CONJECTURE.
    A verdict, in an action for personal injuries, founded upon mere conjecture as to the absence of contributory negligence, cannot be sustained.
    Landon, J., dissenting.

Appeal from trial term, Rensselaer county.

Action by Margaret Caven, as administratrix of the estate of Marie Forgie, deceased, against the city of Troy.    From a judgment for plaintiff, defendant appeals.    Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

William J. Roche, for appellant.
James Lansing, for respondent.

PUTNAM, J.    This action was brought by the plaintiff, as administratrix of Marie Forgie, deceased, to recover damages for the alleged negligence of the defendant in allowing an excavation to

remain in one of its streets, into which the plaintiff's intestate fell, and was so injured that she afterwards died. The facts, as claimed by the plaintiff, are as follows: On the 27th day of October, 1891, between 9 and 10 o'clock in the evening, Mrs. Forgie was going in a northwesterly direction along Fifteenth street, towards the residence of her daughter (the plaintiff) upon said street, when, passing a vacant lot, she fell into an excavation from two to three feet deep, several feet wide, and extending some distance into the street, and which had been made a week or ten days before the accident. The excavation commenced in said vacant lot, and extended out into the street. There was no light upon the street, and no guard or covering around said excavation. By the fall, she suffered a dislocation of the right arm at the shoulder, together with a fracture of the upper end or head of the bone. She was immediately taken to the residence of her daughter, Mrs. Caven, and a physician, Dr. Ward, was called, who endeavored to reduce the dislocation, and did, or supposed he had done so. Her medical treatment for the injury was continued until the 13th day of February, 1892, when she died.

Assuming that the place where the deceased received the injury which caused her death was on one of the public streets of the city of Troy, negligence on the part of the defendant in leaving an excavation therein without guards or lights was satisfactorily established.

It is urged by the learned counsel for the appellant that the trial court erred in denying the motion of the defendant for a nonsuit at the close of the case, on the ground of the absence of any testimony showing that the deceased exercised any care or caution to avoid the injury that caused her death. It was shown that Mrs. Forgie at the time of the accident was well aware of the dangerous condition of the street. She had been there frequently since the excavation had been made, and had passed it at 3 o'clock in the afternoon, and also at 8 o'clock in the evening, on the day in question. She thus had knowledge of the existence of the excavation, and its nature and danger. The accident occurred between 9:30 and 10 o'clock at night. There was testimony showing that the electric light on Congress street, not far distant from the excavation, cast no light at the place of the excavation. The fact that Mrs. Forgie knew that she was approaching—to use her own language—"a terribly dangerous place" bound her to proceed with the utmost care and caution. But we are unable to find in the case any testimony whatever showing what precaution, if any, she used, to avoid the danger of which she is shown to have knowledge. The witness Reardon, who first saw her after her injury, was unable to state where or how she was injured, or what care or caution she exercised, if any, to avoid the accident. Not only is there no testimony in this regard, but also there is none showing any fact or circumstance from which an inference can properly be drawn as to whether the deceased took any precaution to avoid the accident or otherwise. The evidence presents a case showing that unusual precaution was required of Mrs. Forgie in approaching the dangerous portion of the street, but it is not shown what, if any, precaution she actually took.

The doctrine is well settled that, in such an action as this, the plaintiff, to be entitled to go to the jury, was compelled to show, by affirmative proof, the absence of contributory negligence. Whalen v. Light Co., 151 N. Y. 70, 45 N. E. 363; Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780; Kilbride v. Railroad Co., 17 App. Div. 177, 45 N. Y. Supp. 302. It is true that the absence of contributory negligence may be established by circumstances, or may be inferred from the character of the defendant's negligence. Johnson v. Railroad Co., 20 N. Y. 65. And where all the facts are before the trial court, and they are such that conclusions can be drawn therefrom, if they allow an inference of the freedom from negligence of the injured party as well as a contrary one, the case is for the jury. Chisholm v. State, 141 N. Y. 246, 36 N. E. 184. In the two authorities last cited it will be observed that facts and circumstances were shown from which the absence of contributory negligence on the part of the injured party could be justly inferred. In the Chisholm Case it was shown that the plaintiff was not aware before his injury of the dangerous condition of the bridge where the accident occurred.

The principle thus adverted to, however, does not conflict with that first stated, that, to recover in such an action as this, the plaintiff must show affirmatively the absence of negligence on the part of the injured party contributing to the injury. This may be done by direct evidence, or by facts and circumstances from which the absence of negligence may be inferred. But if the facts proved point as much to negligence on the part of the injured person as to its absence, or point in neither direction, a recovery cannot be had. Cordell v. Railroad Co., 75 N. Y. 330; Wiwirowski v. Railway Co., 124 N. Y. 420, 26 N. E. 1023. In Hart v. Bridge Co., 84 N. Y. 56–62, Miller, J., said:

"Cases may arise where proof of the facts, of itself, shows that there was no contributory negligence; but where there is no evidence as to what actually did take place at the time, and the proof is such as to render it uncertain in regard to that subject, it cannot be said that an absence of negligence is established, within the rule referred to. In such a case no inference can legitimately be drawn in favor of the plaintiff, within the rule referred to in Powell v. Powell, 71 N. Y. 73."

We are of opinion that, under the authorities last cited and those before referred to, the defendant's motion for a nonsuit, made at the close of the evidence, should have been granted. The evidence clearly established the fact that Mrs. Forgie on the night in question was fully aware of the dangerous condition of the street where she was injured, and was thus called upon to exercise caution. She had passed there at 8 o'clock of the same evening, and hence could have safely done so again. Why she proceeded along the street on the side of the excavation, of the existence of which she was aware, when she could have safely passed on the opposite side of the street, does not appear. There was no testimony whatever showing directly what care or caution she exercised in approaching the excavation, or showing any circumstance from which the absence of negligence on her part might be presumed. The doctrine stated in the Wiwirowski Case, supra, seems to apply: "When the circumstances point as much to the negligence of the deceased as to its

absence, or point in neither direction, a nonsuit should be granted." The finding of the jury that Mrs. Forgie was free from contributory negligence must necessarily have been based on conjecture, without any evidence to support it, and cannot be sustained. In the language of Finch, J., in Pauley v. Lantern Co., 131 N. Y. 90–100, 29 N. E. 999–1001, "A mere conjecture, built upon a mere possibility, will not suffice to transfer the money or property of one man to the possession and profit of another."

We have examined the authorities relied upon by the learned counsel for the respondent, and do not find any well-considered case conflicting with the authorities to which we have referred. It will be found in the cases to which the respondent refers that there was in each of them some direct proof of the absence of contributory negligence, or proof of some fact or circumstance from which such absence could be legitimately inferred. It is true that in some of the authorities the circumstances deemed sufficient to carry the case to the jury were rather slight and inconclusive, but in none of them has it been held that a verdict founded upon mere conjecture as to the absence of contributory negligence could be sustained. The views thus arrived at render it unnecessary to consider the other interesting questions raised in the case.

The judgment should be reversed, and a new trial granted, costs to abide the event. All concur, except LANDON, J., dissenting.