(80 App. Div. 460.)

QUECK–BERNER v. ATLANTIC TRUST CO. et al.

(Supreme Court, Appellate Division, Second Department. March 26, 1903.)

1. DEFECTIVE SIDEWALK—ACTION AGAINST ADJOINING OWNER—CONTRIBUTORY NEGLIGENCE—KNOWLEDGE OF DEFECT.

In an action against an abutting owner for injuries from a defective sidewalk, the fact that some of plaintiff's witnesses testified to some knowledge of the condition does not show contributory negligence in plaintiff in failing to know the defect so as to warrant dismissing the complaint, in the face of plaintiff's own testimony that he noticed nothing out of the way about the sidewalk, and that it appeared to him perfectly safe when he stepped on it.

2. SAME—DUTY OF OWNER—INSTRUCTION.

An abutting owner, sued for injuries from a defective sidewalk, cannot complain of an instruction that it was his duty, when pulling down a building, leaving a cellar vacant close to the sidewalk, to use reasonable care to see that it did not become dangerous and liable to cave in.

3. APPEAL—FAILURE TO EXCEPT TO INSTRUCTION.

Where, on exception to an instruction, the court modifies it, after which no exception is taken, the court on appeal will assume that the modified charge was satisfactory to appellant.

Appeal from Trial Term, Kings County.

Action by Charles A. J. Queck-Berner against the Atlantic Trust Company and another. From a judgment in plaintiff's favor against the trust company, it appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Augustus N. Hand (William G. Wright, on the brief), for appellant. W. C. Beecher, for respondent.

GOODRICH, P. J. The plaintiff sued the city and the Atlantic Trust Company to recover damages for injuries which he received on September 3, 1900, by the caving in of a flagstone on the sidewalk of Love lane, Brooklyn, at the corner of Henry street. The trust company owned the lot at the corner, which ran through to Pierrepont street, where there was a dwelling house. On the rear of the lot on Love lane, at the corner of Henry street, there had been an old wooden building which was taken down in August, 1900. The cellar wall along Love lane was left in its place, and upon it a board fence was built upon a three by nine inch beam laid on top of the cellar wall. The cellar excavation was left unfilled. Outside of the cellar wall was an areaway which the workmen filled in with old brick and rubbish up to the sidewalk level, and placed the flagstone in question on this level. While the testimony is not entirely definite as to the condition in which the cellar wall was left, there is sufficient to permit the inference that the earth under the flagstone had slipped into the cellar through some opening, or had subsided from some other cause, so that the flagstone had become undermined. The plaintiff boarded in the house on Pierrepont street, and near midnight of the day in question was going home through Love lane. He had crossed the driveway, and had put one foot on the curb and his other foot on the flagstone, when the latter subsided, and slid downward and toward the

cellar wall, precipitating him into an excavation so that he received serious injury. The court carefully defined the difference between the grounds upon which the city and the trust company respectively would be responsible. The jury rendered a verdict against the trust company only, and from the judgment entered thereon the company appeals. There is no appeal by the plaintiff as against the city, and the only questions before us relate to the company's liability.

The first contention of the company is that the court should have granted its motion to dismiss the complaint on the ground that the plaintiff had not established his freedom from contributory negligence. The plaintiff was on a public street, and ignorant of the undermined condition of the sidewalk. It is contended that because some of his witnesses testified to some knowledge of the condition of the sidewalk his failure to know of it was negligence. But the plaintiff testified that he noticed "nothing out of the way about the sidewalk. * * * It appeared to me perfectly safe when I put my foot down there." It would have been error, upon this evidence, to dismiss the complaint.

The company cites and relies upon three cases in support of its contention. Bond v. Smith, 113 N. Y. 378, 21 N. E. 128, relates to an accident which occurred in an unlighted cul-de-sac alley which was not a thoroughfare and had no sidewalks. The deceased, a night watchman, whose duty led him into the alley, fell at night into an area three feet wide, which was bounded at its ends by the rear walls of two buildings and had extending along the alley a stone coping seven inches high and two feet wide. The court held that the deceased must have had knowledge of the existence of the area, and said (page 384, 113 N. Y., page 129, 21 N. E.): "It is obvious that no harm could come from the existence of the area to a traveler in the alley except under extraordinary circumstances, and against extraordinary accidents the defendants are not bound to guard." This decision is not authority in the case at bar, where there was evidence that the plaintiff had no knowledge or notice of the undermining of the sidewalk.

Caven v. The City of Troy, 32 App. Div. 154, 52 N. Y. Supp. 804, held the city not liable for the death of a woman who fell at night into an unguarded excavation in a public street, because it appeared that she was well aware of the condition of the excavation, having characterized it as "a terrible dangerous place," and that she had passed it earlier in the evening, and might, upon her return, have passed safely on the other side of the street.

In Sickles v. New Jersey Ice Co., 153 N. Y. 83, 46 N. E. 1042, a boy, while skating, fell through some thin ice at a place where the company was harvesting ice. He was familiar with the place, and was accustomed to skate there while ice was being cut, and knew the company's general system of marking its cuttings, and the court said he must have known or was charged with knowledge of the situation, and that his freedom from contributory negligence was not shown. But this principle does not relate to the liability of one who has created a dangerous condition of affairs in a public street.

As to the company's negligence, the appellant contends that the learned justice submitted the case to the jury upon a wrong theory,

in that he laid stress upon the fact that the company had removed the carpenter's shop, and by so doing had assumed some new liability which did not exist before. An examination of the charge and exceptions discloses no justification for this contention. The only exception to the charge is the following:

"Mr. Wright: I except to that portion of your honor's charge where you charged, in substance, that it was the duty of the property owner, because he took down the building, to see that the bank did not cave in; and I would call the court's attention in this connection to the fact that the taking down of the building did not increase the risk. The Court: Did not what? Mr. Wright: Increase the risk or increase the danger. The Court: Well, that may be so. The taking down of the building may not have increased the likelihood of the falling in. I do not know. He was not bound to do it either. He was bound only to use reasonable care. Mr. Wright: Your honor charges that the defendant was not bound to see that this bank would not cave in, but only to use reasonable care under the circumstances? The Court: Certainly. Mr. Wright: I ask to except to that portion of your honor's charge where you charge in substance that if Mr. James got notice it became the duty of the Atlantic Trust Company to repair. The Court: Yes, provided he got precise notice of this particular defect. I did not say he did, or whether the notice that he got was of some other trouble; that I leave to the jury. If he got notice of this, and this was obviously dangerous, then it was his duty to do something."

The main charge on this subject, to which, presumably, the exception ·originally referred, was that "the duty with regard to the owner, when he pulled down that building, leaving this cellar vacant there so close to the sidewalk, was, if it became dangerous and liable to cave in, to use reasonable care to see that it did not occur." Certainly, this was quite as favorable to the company as it had the right to require. But as the counsel for the company did not except to the charge after the modification, we must assume that no exception was taken to the modified charge, and that he was satisfied therewith.

We have examined the two exceptions to portions of the testimony of the plaintiff's attending physician and of the plaintiff as to his earnings during the year prior to the accident, and do not find error therein.

The judgment should be affirmed.

Judgment and order unanimously affirmed, with costs. All concur.