BOLESLAUS SWISTAK, an Infant, by FRANK SWISTAK, His Guardian ad Litem, Appellant, *v.* ERIE RAILROAD COMPANY, Respondent.

Fourth Department, March 28, 1924.

Railroads — action for injuries suffered by plaintiff at railroad crossing — freight cars were pushed over crossing without warning and while gates were raised — cars collided with automobile truck — plaintiff, boy five years of age, was found immediately after accident with his foot so badly injured as to require amputation — error to set aside verdict in favor of plaintiff — $10,000 not excessive damages.

In an action to recover damages for personal injuries suffered by the plaintiff, a boy five years of age, who was injured at a railroad crossing, it was error for the court to set aside a verdict in his favor, since it appears that the defendant caused freight cars to be pushed over a street crossing without warning while the gates were raised and said cars collided with the rear end of a loaded automobile truck; that immediately after the accident two boys were seen running away from the railroad track, while another was seen crawling out from under one of the cars, and at about the same time the plaintiff was seen sitting down by the curb from five to eight feet from the track holding his foot and crying, but there is no direct evidence whether the plaintiff was injured by being struck by the train or was injured by the truck.

It was clearly the province of the jury, under the circumstances established, to draw inferences and reach a conclusion as to the cause of the plaintiff's injury.

The verdict for $10,000 was not grossly excessive, since it appears that it was necessary to amputate the plaintiff's foot, and that the injury will be permanent and will cause him to limp when he walks.

SEARS and CROUCH, JJ., dissent.

APPEAL by the plaintiff, Boleslaus Swistak, from an order of the Supreme Court, made at the Erie Trial Term and entered in the office of the clerk of the county of Erie on the 15th day of May, 1923, setting aside a verdict in favor of the plaintiff for $10,000, and granting a new trial.

*McIntyre, Wilkie & Swartz* [*Bernard Swartz* of counsel], for the appellant.

*Moot, Sprague, Brownell & Marcy* [*John W. Ryan* of counsel], for the respondent.

CLARK, J.:

This is an action for damages for personal injuries sustained by Boleslaus Swistak through a collision of a train of the Erie Railroad Company and a truck at the Larkin street crossing of the said railroad in the city of Buffalo. The accident occurred on the 25th day of April, 1922. Plaintiff at that time was a boy five years of age and lived with his parents in Buffalo. During the afternoon of April 25, 1922, plaintiff accompanied his mother to a neighboring store where the mother made some purchases. He returned with his mother to their home on Roseville street after the errand at the store had been completed and the mother went into the house to prepare some coffee, the plaintiff remaining in the yard outside.

Presently the mother was notified that her boy had been injured and she went to Larkin street, which is near her home, to investigate. Defendant's double-track railroad crosses Larkin street a short distance from plaintiff's home. At the crossing the mother discovered a truck with one of the rear wheels crushed and a quantity of sheet paper with which the truck had been loaded was scattered about the street and plaintiff was found in a nearby office with his foot so badly injured that partial amputation was necessary.

Gates are maintained by the defendant at this crossing and a flagman is employed there to operate them. Shortly before three o'clock in the afternoon of the day of this accident, a string of box cars was going easterly on defendant's tracks, being pushed over this crossing by an engine, and the cars collided with the rear of a truck at the crossing, smashing one of the rear wheels. The first the flagman knew of the accident was when he heard the crash. The gates were up and at the time of the collision the flagman was in his shanty cleaning lamps. There was no bell rung and no warning given of the approach of the train.

There seems to be no question but that the act of defendant in causing the cars to be pushed across the street crossing without warning while the gates were raised constituted negligence. The

principal question in dispute is whether defendant's negligence actually caused the injury to plaintiff.

There is evidence that the moving cars collided with the rear end of a truck which was going north over the track; that portions of the truck and its load were scattered about, though the driver and main part of the truck were on the north side of the track. Immediately after the crash, two boys were seen running away from the track to the south, while another boy was seen crawling out from under one of the cars. About the same time the plaintiff was seen sitting down by the curb from five to eight feet south of the track holding his foot and crying.

The defendant says that very likely the boy was hurt by the truck. It is claimed on behalf of the plaintiff that his injury was caused by the cars. From these established facts and from the surrounding circumstances, it was clearly the province of the jury to draw reasonable and logical inferences and reach a conclusion as to what caused the injury plaintiff had at the moment received. It was not speculation on their part if they reached the conclusion that several boys were crossing or were about to cross the tracks; that neither they nor the driver of the truck crossing at about the same time had warning of danger; that the train collided with the truck and with some of their number including plaintiff; that some of the boys escaped injury, while plaintiff and the truck driver were less fortunate, and that the injury resulted either from plaintiff's contact with the car wheels or by having some portion of the truck or its contents pushed or thrown upon him.

The right of the jury to reason from established facts to a conclusion has been too long established to require citation of authority. In *Hart* v. *Hudson River Bridge Co.* (80 N. Y. 622) this language is used: "When from the circumstances shown, inferences are to be drawn which are not certain and incontrovertible and may be differently made by different minds, it is for the jury to make them." In *Chisholm* v. *State of New York* (141 N. Y. 246) it is said: "If different conclusions can be drawn from these circumstances, it is a question for the jury." Also to the same effect, *Pruey* v. *N. Y. C. & H. R. R. R. Co.* (41 App. Div. 158); *Wilson* v. *N. Y. Contracting Co.* (129 id. 125); *Donnelly* v. *Piercy Contracting Co.* (222 N. Y. 210); *Mabs* v. *Park & Tilford* (200 App. Div. 75).

In this last case plaintiff charged that defendant's truck was negligently driven against her in a public street in the city of New York. She did not see the truck hit her, or know what part of it came in contact with her, but the Appellate Division, First Department, held that the evidence taken as a whole warranted the inference that defendant's truck hit plaintiff and caused the

injury and that the jury might have so found and, therefore, reversed the judgment dismissing the complaint and granted a new trial.

Defendant urges that even if the evidence warranted a recovery, the verdict of $10,000 was grossly excessive.

It was necessary to amputate plaintiff's foot and the injury will be permanent. He is a small boy and will be deprived of many of the pleasures of boyhood because of this injury. Even with an artificial foot, he will limp when he walks to a greater or less extent all through life. Under these circumstances, I do not think the verdict is so grossly excessive as to justify our interference with it.

The order should be reversed and the verdict reinstated, with costs.

All concur, except SEARS and CROUCH, JJ., who dissent and vote for affirmance.

Order reversed on law and facts and verdict reinstated, with costs.