CHARLES WARNER and Another, Appellants, *v.* NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Respondent.

Fourth Department, May 7, 1924.

Negligence — action to recover damages for burning of plaintiff's house located at end of road near defendant's tracks — day before house burned locomotive set fire to grass which spread to plaintiff's property but appeared to be out three hours later — rubbish piles were near house — twenty-four hours after first fire house burned — house was unoccupied and no one was present during interval — jury justified in finding that loss of house was due to fire negligently set on defendant's premises.

In an action to recover damages for the burning of plaintiff's house, the jury was justified in finding that the fire was caused by defendant's negligence, since it appears that plaintiff's house, which was unoccupied at the time of the fire and had been unoccupied for some time prior thereto, was located at the end of a road and close to defendant's tracks; that in the afternoon of the day before the fire, one of defendant's locomotives set fire to the grass on its right of way and the fire spread to the plaintiff's land, but about three hours after the fire was started it appeared to be out; that plaintiff's house was undergoing repairs and there were rubbish piles near it; that the next morning it began to snow and the wind blew towards the house from the direction in which the rubbish piles were located and about nine o'clock in the evening a fire was seen on the premises; that after the snow melted it was seen that one of the rubbish piles had been on fire the day before, although there was no fire in it the night the house burned; that the grass was burned to a point about fifteen feet from the large rubbish pile and that during the interval between the two fires no one was near the house.

APPEAL by the plaintiffs, Charles Warner and another, from an order of the Supreme Court, made at the Oswego Trial Term and entered in the office of the clerk of the county of Oswego on the 2d day of November, 1923, setting aside the verdict of a jury and directing a new trial.

*Charles J. Yorkey* [*C. J. Miller* of counsel], for the appellants.

*Charles R. Coville*, for the respondent.

DAVIS, J.:

The plaintiffs had a verdict on the trial of the issue as to whether defendant was negligent in permitting a fire to be communicated from its right of way to the house of the plaintiff Warner. That verdict the learned trial justice has set aside because he was of the opinion " that the evidence that the fire was caused by defendant's negligence was insufficient to warrant the submission of that question to the jury."

Warner was the owner of farm lands adjacent to the defendant's railroad. The principal buildings were a house and barn, the

former about 180 feet north from the railroad lands, and the latter much nearer. On December 14, 1922, the house, unoccupied at the time, burned to the ground.

There is little dispute in the evidence. A passing locomotive set fire to the grass and weeds on defendant's right of way at about six-thirty P. M. on December thirteenth. This spread to the lands of Warner. Defendant's trackmen came about nine o'clock at night to investigate. The fire then appeared to be out. They remained about thirty minutes. The wind was blowing from the direction of the railroad toward the house.

The house had been undergoing repair. Old shingles and other material had been cast into two piles referred to as " rubbish heaps," the larger one about six feet southeast and the smaller one from four to six feet directly south of the house. Under a platform at the east end of the house were loose boards and other material. There was a driveway six to eight feet wide about twenty-five feet south of the house.

The trackmen did not observe the rubbish heaps. When they left it had begun to sprinkle. About seven o'clock on the morning of the fourteenth it began to snow. The wind continued to blow hard from the southeast all that day. About nine o'clock that evening a fire was seen on the premises. The first persons there found the large rubbish heap southeast of the house burning. The wind was blowing directly from this rubbish pile toward the house, and the southeast corner was on fire.

Shortly subsequent to the fire the snow on the ground cleared away, and it was discovered that the fire spreading in the dried grass had evidently leaped over intervening spaces, for in different places patches were burned. The small rubbish pile, partly covered with snow at the time of the fire, was charred, indicating that it had been burning at one time, although there was no fire in it the night the house burned. The grass had burned to a point near the driveway, distant about ten to fifteen feet from the small rubbish heap, and fifteen to twenty-five feet from the large one.

On the night of the fire there was a blanket of snow covering the ground. The first persons to arrive at the fire circled the house and found no tracks leading to or going from it. The plaintiff and his family had not been there for about ten days, and matches in the house were kept in an earthen jar. There had been no fire in the house since the preceding August when Warner and his family moved away.

The learned trial justice in his charge submitted the question to the jury as to whether, as plaintiffs claimed, the fire was communicated from the railroad right of way to the grass in Warner's

fields and from there to the rubbish heaps by some spark jumping across, which condition was not discovered by the defendant's employees, and which smoldered and subsequently by the action of the high wind burst into flame. He called their attention to the fact that the evidence was circumstantial, but that they were permitted to draw reasonable inferences but not to conjecture or speculate in reaching a conclusion. These instructions were a fair statement of the rules applicable and no exceptions were taken. It was upon this evidence after these instructions that the jury found a verdict for plaintiffs.

The only question here is whether in the absence of direct evidence it was possible for the jury by reasonable inference to reach the conclusion that the proximate cause of the loss was defendant's negligence in permitting a fire to start along its right of way and spread to Warner's property.

We are mindful of the rule that inference cannot be based upon inference (*Lamb* v. *Union R. Co.*, 195 N. Y. 260), and that in order to prove a fact by circumstances there should be positive proof of the facts from which the inference or conclusion is drawn and the circumstances must not be left to rest in conjecture. (*Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90.) It would not be enough to show that the destruction of the house *might* have been caused by the fire originating on defendant's right of way (*Scharff* v. *Jackson*, 216 N. Y. 598); and if there were two possible causes to which the fire might be attributed by fair inference, each equally reasonable, for only one of which defendant is responsible, the defendant may not be held liable. (*Searles* v. *Manhattan R. Co.*, 101 N. Y. 661; *White* v. *Lehigh Valley R. R. Co.*, 220 id. 131; *Ford* v. *McAdoo*, 231 id. 155.) Where the question is one as to whether or not a person was negligent, it is not always necessary to establish the negligent acts by positive and direct evidence. It is sufficient if certain facts are established and circumstances clearly shown, so that through reasonable inference a logical conclusion may be reached that injury resulted from negligent acts. (*Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622; *Chisholm* v. *State*, 141 id. 246.) When one reasonable mind can infer from all the evidence that a controlling fact was proved, while another reasonable mind can infer that it was not proved, a question of fact is presented. (*Gordon* v. *Ashley*, 191 N. Y. 186, 193; *Conway* v. *Naylor*, 222 id. 437.) It is the province of the jury, not only to pass upon conflicting evidence, but where different inferences may be drawn from the evidence, to draw the inferences. (*Powell* v. *Powell*, 71 N. Y. 71; *Hudson & M. R. Co.* v. *Iorio*, 239 Fed. Rep. 855; *Swiss Bankverein* v. *Zimmermann*, 240 id. 87;

*Boston Elevated R. Co.* v. *Teele,* 248 id. 424; *Grand Trunk R. Co.* v. *Ives,* 144 U. S. 408, 417). Even where there is no conflict in the evidence and the facts proved permit different inferences, the same rule prevails. (*Henry & Co.* v. *Talcott,* 175 N. Y. 385, 393.) In a recent case in this department we have given effect to this rule. (*Swistak* v. *Erie Railroad Co.,* 208 App. Div. 553.)

It is only upon rare occasions that any direct proof may be made of the negligence of a railroad company in causing a fire on adjacent property. In the leading reported cases involving such issues, almost invariably the evidence connecting the loss with the railroad company's negligence is circumstantial. It was left for the jury to draw the inferences of negligence from such facts and circumstances. (*Sheldon* v. *Hudson River R. R. Co.,* 14 N. Y. 218; *Field* v. *New York Central R. R.,* 32 id. 339; *Peck* v. *New York Central & H. R. R. R. Co.,* 165 id. 347; *Jacobs* v. *New York Central & H. R. R. R. Co.,* 107 App. Div. 134; affd., 186 N. Y. 586; *Westfall* v. *Erie R. Co.,* 5 Hun, 75; *Home Insurance Co.* v. *Pennsylvania R. R. Co.,* 11 id. 182.)

The jury had before them evidence that a fire was started and swept toward the house. Sparks had been carried by the wind starting other fires. All apparently died out. Twenty-four hours later in a strong wind blowing toward the house, a fire is again discovered in a rubbish heap a short distance from where the fire was last seen. The house is in flames at the part nearest the burning heap six feet distant. These premises were at the end of a highway so there was no passing traffic. The proof that the house had not been recently occupied and that no one had been there to set a fire, eliminated other possible causes. (*Sheldon* v. *Hudson River R. R. Co., supra,* 221.) The jury evidently reached the conclusion that pieces of burning grass or weeds were carried by the wind to the rubbish heaps and there smoldered, eventually to break out again fanned by the strong wind; and that sparks from the larger heap were carried to the house igniting the loose material under the platform. Is this pure conjecture, or may it be fair inference?

That such results would probably occur is established not only by common experience and inferences fairly to be drawn from the evidence, but also by the history of adjudicated cases. (See *Martin* v. *New York, O. & W. R. R. Co.,* 62 Hun, 181; *McDonough* v. *New York, etc., Co.,* 124 App. Div. 38; *Babbitt* v. *Erie R. R. Co.,* 108 id. 74; *Smith* v. *New York Central, etc., Co.,* 164 id. 421, 423; *Union Pacific Ry. Co.* v. *McCollum,* 2 Kan. App. 319; *Chicago, St. Louis & Pittsburgh R. Co.* v. *Williams,* 131 Ind. 30; *Missouri Pacific Ry. Co.* v. *Cullers,* 81 Tex. 382.)

We think the evidence justified the jury in drawing the inference that the destruction of the house was due to the fire negligently permitted by defendant to start on its right of way. The order should, therefore, be reversed, the verdict reinstated, and judgment ordered for the plaintiffs thereon, with costs.

All concur.

Order reversed on the law, verdict reinstated, and judgment ordered for plaintiffs thereon, with costs.