ALBERT E. BROWN, Plaintiff, Respondent, Appellant, v. STEAMSHIP TERMINAL OPERATING CORPORATION, Defendant, Respondent, and MERCUR CORPORATION, Defendant, Appellant.— The action was to recover damages for the concurrent negligence of two defendants. A verdict containing special findings of fact was rendered by the jury against both defendants. This special verdict was apparently set aside (although no order to that effect is printed) as against the Steamship Terminal Operating Corporation, and a judgment was entered dismissing the complaint as to that defendant. Judgment against defendant Mercur Corporation affirmed, with costs. Judgment dismissing complaint against defendant Steamship Terminal Operating Corporation reversed on the law and judgment directed and rendered for the plaintiff on the special verdict against said defendant, with costs on the trial and on appeal. It was within the province of the jury to find from the proved facts and the fair inferences to be drawn therefrom

that the small automobile causing the accident was being used in the business of both defendants. (*Hart* v. *Hudson River Bridge Company*, 80 N. Y. 622; *Swistak* v. *Erie Railroad Co.*, 208 App. Div. 553; affd., 239 N. Y. 549; *Warner* v. *New York, Ontario & Western Railway Co.*, 209 App. Div. 211.) From the proof and the reasonable inferences based thereon, the jury was justified in finding that the work of the two defendants in loading the vessels was blended and not definitely separable in time and space; that the automobile was commonly used by each in the furtherance of its business; that at the time of the accident the car operated by the employee of one defendant was under the control of the superintendent of the other defendant; and that at the time it was being used in the furtherance of the interests of both. At a given time under certain circumstances such as we find here, a servant may have two employers (*Matter of Schweitzer* v. *Thompson & Norris Co.*, 229 N. Y. 97), and one who owns or ordinarily controls the use of the car may become liable whether the person in charge thereof is at the moment of the accident exclusively his servant or not. (*Nalli* v. *Peters*, 241 N. Y. 177; *Orlando* v. *Pioneer B. T. Supply Co.*, 239 id. 342.) Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ., concur.