THORLIEF HAGEN, Appellant, v. AMERICAN MACHINE AND FOUNDRY COMPANY, Respondent.— In this action to recover damages for personal injuries caused by negligence, the plaintiff's hands were drawn between a chain belt and a cogwheel or a machine in defendant's factory by reason of the sudden starting of the machine. This machine had been constructed in the factory and payment therefor made; but it was remaining there while the owner installed therein the electrical equipment. It was an experimental machine, and mechanical changes, readjustments and certain alterations in its original construction were necessary while the electrical equipment was being installed; and these changes were made by defendant's workmen under the supervision of defendant's foreman. This was done under the terms in the contract providing that " Assembly of the parts and testing of the machine will be performed at an hourly rate basis of  —  —  —  $1.62 per hour, additional." The defendant paid these workmen their regular wages, which were less than the hourly rate fixed in the contract; and rendered bills for the fixed hourly rate and sums for additional expenses to the owner of the machine, who paid these amounts directly to the defendant. The question as to whose servants the workmen were at the time of the accident was a mixed question of law and fact. (*Charles* v. *Barrett*, 233 N. Y. 127; *Driscoll* v. *Towle*, 181 Mass. 416; *Standard Oil Co.* v. *Anderson*, 212 U. S. 215.) The question as to who started the machine was one of fact. That it was started by electric power was established *prima facie*

as a fact by testimony that the characteristic sound of current entering into the machine was heard, and it immediately started. From this established fact it was a fair inference to be drawn by the jury that one of the workmen furnished by defendant, who stood by the electric switch, was the only one who could have thrown it; and that, therefore, he started the machine. (*Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622; *Swistak* v. *Erie Railroad Co.*, 208 App. Div. 553; affd., 239 N. Y. 549; *Warner* v. *New York, Ontario & Western Railway Co.*, 209 App. Div. 211.) The complaint was dismissed at the close of plaintiff's evidence. Judgment reversed on the law and a new trial granted, costs to abide the event. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.