Hofstadter, J.
(dissenting). The trial court accepted the testimony of the plaintiff’s experts that if the petcock was not closed tightly it would become loosened gradually from vibration in travel, but that if the petcock was only partially open, there would be no loss of water while the car was standing, and from this drew the permissible inference that the defendant, which admittedly had to open the petcock to drain out the antifreeze, had failed to tighten it properly on completion of the job. There is no evidence that after the car left the defendant ’s shop anyone had occasion to touch the petcock. The choice of inference lay with the judge, as the trier of the facts, as it would with the jury had the case been tried by a jury (Warner v. New York, Ontario & Western Ry. Co., 209 App. Div. 211, 213-214, appeal dismissed 239 N. Y. 507). That the inference drawn was a reasonable one is borne out by the defendant’s own conduct in at first assuming responsibility and undertaking to repair the car and only later refusing to do so after the plaintiff had contacted Jaguar North American Company. Had there been no valid or probable basis for attributing the trouble to the defendant’s fault, its natural course would have been to reject the plaintiff’s complaint out of hand. The defendant’s attitude in the circumstances confirms the validity of the finding made below. Hence, I dissent.
Steuer and Hecht, JJ., concur in Per Curiam opinion; Hofstadter, J., dissents in opinion.
Judgment reversed, etc.